**UNITED STATES of America, Appellee,**

**v.**

**Albert Leon VanMAANEN, Appellant.**

**No. 76–1450.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 22, 1976.

Decided Dec. 15, 1976.

---

17 C.F.R. § 0.13(a) provides that "[s]ubpoenas may be issued by the Secretary or by the judge, upon a reasonable showing by the applicant of the grounds, necessity, and reasonable scope thereof."

**52**

P. D. Furlong, Sioux City, Iowa, filed brief for appellant.

Evan L. Hultman, U. S. Atty., and Daniel T. Cutler, Asst. U. S. Atty., Sioux City, Iowa, and Rosemary Sheehan, Legal Intern, filed brief for appellee; Kieth Van Doren, Asst. U. S. Atty., Sioux City, Iowa, filed appearance.

Before HEANEY, STEPHENSON and HENLEY, Circuit Judges.

HEANEY, Circuit Judge.

Albert VanMaanen, and three other defendants, were convicted of conspiracy under 18 U.S.C. § 371, and possession of beef stolen from an interstate shipment under 18 U.S.C. § 659. These convictions[1] were affirmed on appeal. *United States v. Verdoorn,* 528 F.2d 103 (8th Cir. 1976). Subsequently, VanMaanen and two of the defendants filed a motion for a new trial based on newly discovered evidence, but failed to support this motion with affidavits or other documents alleging new facts. This motion was denied on February 12, 1976. A motion to reconsider that order was made on April 13, 1976, and supported by an *in camera* submission of the deposition of a newly discovered police informant. After that document was made available to government attorneys, the motion was denied. VanMaanen now appeals from the denial of his motion for reconsideration.

VanMaanen raises two issues on appeal: first, that a new trial should have been granted because of newly discovered evidence relating to the legal sufficiency of the Sioux City Police Officers' probable cause arrest of one of VanMaanen's codefendants and the search and seizure incident thereto; and second, that government misconduct throughout the investigation and trial of his case deprived him of due process of law and requires the granting of his new trial motion. We conclude that neither of appellant's contentions has merit and affirm the decision of the District Court.

■ A motion for new trial on the ground of newly discovered evidence must fail unless each of five conditions is satisfied: (1) the evidence must be discovered since trial; (2) facts must be alleged showing that the evidence would not have been discovered earlier had the movant been more diligent; (3) the evidence must not be merely cumulative or impeaching; (4) it must be material; and (5) it must be of such a nature that on retrial it would probably produce an acquittal. Fed.R.Crim.P. 33; *United States v. Pope,* 415 F.2d 685 (8th Cir.), cert. denied, 397 U.S. 950, 90 S.Ct. 973, 25 L.Ed.2d 132 (1969).

The crux of VanMaanen's new trial motion based on newly discovered evidence can be summarized as follows: An informant for the Sioux City Police Department and the FBI offered to purchase the stolen beef and arranged to have it picked up in a "straight truck" that he would provide. In oral deposition taken after trial, he testified that a false stolen truck report was prepar-

.1. The conviction of Ronald Eugene Heck was not appealed.

ed to provide sufficient legal cause for the local police to stop and search the "straight truck." VanMaanen argues that without this falsified report, the local police lacked probable cause to stop the "straight truck." Since the search revealed a portion of the stolen meat, if it were found to be unauthorized, much of the evidence incriminating VanMaanen would be excluded. On retrial, an acquittal would probably result.

■ VanMaanen's argument ignores the evidence presented at trial, independent of the stolen vehicle report, which demonstrated probable cause to stop and search the "straight truck." Trial testimony, uncontradicted by VanMaanen's evidence, established that law enforcement officers were aware that a shipment of beef quarters had been stolen, that arrangements had been made to purchase the beef, and that a particular "straight truck" would be used to transport the beef. The VanMaanen farm was placed under surveillance on the night of January 28, 1975. One of the local police officers identified a "straight truck" in the backyard of the VanMaanen farm, and observed four individuals loading quarters of beef into this truck. With this evidence, the officers had probable cause to arrest the driver of the vehicle and search its interior. The newly discovered evidence, thus, would not have the effect VanMaanen contemplates as it is improbable that a reversal would result on retrial. Therefore, his new trial motion under Federal Rule of Criminal Procedure 33 must fail.

In addition, VanMaanen argues that his conviction should be dismissed and/or a new trial granted because of alleged misconduct of the Sioux City Police Department and the FBI during the investigation and trial of his case. The misconduct to which VanMaanen apparently refers is: (1) the government's use of an informant to pose as a purchaser of the stolen beef and to arrange to have the beef transported in a particular type of vehicle which the police could easily identify, (2) the falsification of a stolen vehicle report by investigating authorities, (3) the deliberate failure of the investigating authorities to disclose this information to VanMaanen and his codefendants either before or at trial, and (4) the suggestion by police officials that their informant leave town to avoid testifying on the new trial motion.

■ Dealing separately with each of the alleged instances of misconduct, neither the investigating authorities' use of an informant as a purchaser nor its arrangement to supply the "straight truck" to aid in locating and identifying the suspects provides sufficient grounds for setting aside VanMaanen's conviction. He was clearly predisposed to sell the stolen beef, and the government's conduct in arranging his detection and capture was not so offensive as to amount to a denial of due process or otherwise require exercise of this Court's supervisory powers. *Hampton v. United States*, 425 U.S. 484, 96 S.Ct. 1646, 48 L.Ed.2d 113 (1976).

■ Similarly, the government's failure to disclose before or during trial the existence of its informant does not necessitate a reversal of VanMaanen's conviction. Although disclosure is generally required when it will aid the defendant in the preparation of his defense or is deemed essential for a fair disposition of the case, *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), that right, if it existed, may well have been waived by VanMaanen's failure to request disclosure.[2] Moreover, if we consider the question as being whether the prosecutor was under a duty to disclose the informant's identity even though no request was made, VanMaanen's claim still fails under the standard adopted in *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). In that case, the Court held that constitutional error has been committed if the "omitted evidence creates a reasonable doubt that

2. Although it was never specifically disclosed that an informant was used as a participant in the purchase and transportation of the stolen beef, affidavits attached to the government's complaint did mention at several points the use of confidential informants. The defendant's knowledge may well have been sufficient to enable them to make a disclosure request.

did not otherwise exist." *Id.* at 2401. Van-Maanen has made no showing that the informant would have given evidence sufficient to raise a reasonable doubt. To the contrary, the informant's deposition, taken in connection with the motion for a new trial, failed to reveal any evidence weakening the bases for VanMaanen's arrest or conviction.

■ Likewise, with respect to the falsified stolen vehicle report, VanMaanen has not shown that he was prejudiced by its preparation or use.[3] Absent such a showing, his claim on this ground must fail.

■ For similar reasons, the suggestion by officers of the Sioux City Police Department that their informant leave town to avoid testifying on the new trial motion is not grounds for reversal. The suggestion was clearly improper, but VanMaanen was not prejudiced by it as the informant returned and gave testimony on the motion for reconsideration.

■ Finally, the instances of misconduct when taken together are not so aggravated that a dismissal must be entered in the interests of justice. *Compare Rochin v. California*, 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183 (1951), and *United States v. Banks*, 383 F.Supp. 389 (D.S.D.1974), *aff'd sub nom., United States v. Means*, 513 F.2d 1329 (8th Cir. 1975). They do not approach the character of government misbehavior which has necessitated dismissal in the past.

For these reasons, we affirm the decision of the District Court.

---

**3.** See the discussion above which holds that the vehicle report had no effect on the legal sufficiency of the investigating authorities' probable cause to stop and search the "straight truck."