**UNITED STATES of America, Appellee,**

v.

**Anthony CARDARELLA, Appellant.**

**No. 77–1551.**

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 9, 1978.

Decided Feb. 7, 1978.

Rehearing and Rehearing En Banc
Denied March 1, 1978.

Philip F. Cardarella, Quinn & Peebles (argued), Kansas City, Mo., and Charles A. Gallipeau, Kansas City, Mo., on brief, for appellant.

David B. B. Helfrey, Sp. Atty., Kansas City, Mo. (argued), Ronald S. Reed, Jr., U. S. Atty., Kansas City, Mo., and Edward D. Holmes, Special Atty., U. S. Dept. of Justice, Kansas City, Mo., on brief, for appellee.

Before BRIGHT, STEPHENSON, and HENLEY, Circuit Judges.

BRIGHT, Circuit Judge.

Appellant Anthony J. Cardarella challenges his jury convictions on three counts of violation of 18 U.S.C. § 922(h) (1970), for receiving firearms transported in interstate commerce after having been convicted of a felony; two counts of violation of 18 U.S.C. § 922(j) (1970), for receiving stolen guns that had moved in interstate commerce; one count of violation of 18 U.S.C. § 922(a)(1) (1970), for aiding and abetting an illegal firearms dealer; two counts of violation of 18 U.S.C. § 2314 (1970), for causing to be transported in interstate commerce stolen merchandise valued at more than $5,000; two counts of violation of 18 U.S.C. § 2315 (1970), for receiving stolen merchandise valued at more than $5,000 that had moved in interstate commerce; and one count of conspiracy, under 18 U.S.C. § 371 (1970), to violate 18 U.S.C. §§ 2314, 2315 (1970). The district court sentenced appellant to serve five years' imprisonment and to pay $11,000 in fines. We affirm the convictions on all counts.

Cardarella does not challenge the sufficiency of the evidence supporting his conviction. Rather, he makes six separate assignments of error, four of which we discuss briefly, and the other two at more length.

I.

The four alleged errors that do not merit extended discussion are summarized by appellant as follows:

Whether the trial court erred by refusing to allow the Appellant's counsel to question Appellant concerning a polygraph examination after the prosecutor had falsely implied, before the jury, that the Appellant had refused such examination.

Whether the trial court erred by instructing the jury on conspiracy under 18 U.S.C., Section 371, but failed to instruct on the elements of the underlying substantive charges, when such substantive charges were not otherwise charged.

Whether the trial court erred by instructing the jury in response to a note from them that the jury must reach a unanimous verdict on all counts.

Whether the trial court erred by reading to the jury, a detailed description of Appellant's prior offense, when such was unnecessary, superfluous and highly prejudicial to Appellant.

With respect to the first contention, we do not read, in the prosecutor's line of questioning, an implication that the appellant refused to take a polygraph examination.[1] We also note that ordinarily poly-

---

1. The line of questioning went as follows:

Q. Now, you mentioned yesterday concerning an investigation that occurred of you involving the sale of rifles, is that correct?
A. Yes, sir.
Q. And you indicated that you took a lie detector test.
A. Yes, sir.
Q. And you indicated that—was it Agent Moore that investigated that case?
A. Yes, sir.
Q. And were you ever arrested as a result of the investigation?
A. No, sir.

Q. Were you ever prosecuted?
A. No, sir.
Q. And you're aware, are you not, that lie detector tests are not admissible in a court of law?
A. Yes, sir.
Q. And you're aware that's because they're considered unreliable?
A. I guess that's the reason, yes, sir.
Q. And that investigation, in any event, resulted in no deprivation of your liberty in any manner, is that true?
A. Yes, sir, that's true.
From this, appellant infers that:

graph results are not admissible as evidence, *United States v. Alexander,* 526 F.2d 161, 166 (8th Cir. 1975), nor is willingness or unwillingness to take such examination. Therefore, the district judge properly refused to allow the questioning of appellant on redirect examination concerning his willingness to take a polygraph examination related to the offense charged.

◼ Similarly, we find no error in the court's instructions to the jury. After instructing the jury on the elements of conspiracy, the court briefly reviewed the nature of the underlying offense. Later on in its instructions, when it reached the part of the indictment where the underlying offense was charged substantively, the court fully briefed the jury on the necessary elements of proof. The court was not obligated to instruct the jury twice on this matter.

◼ In appellant's third allegation of error, he contends that the court's brief response ("Yes, you do.") to the jury's request for guidance ("Your Honor: Do we have to have a unanimous verdict on each separate count?") misled the jury. In particular, appellant states that the answer conveyed to the jury the impression that it must convict the appellant on all counts or none. We disagree. The answer, taken at face value, conveyed the understanding that an unanimous verdict was required on each separate count, and not that an unanimous verdict was required on the counts taken together, *i. e.,* guilty on all counts or no counts.

◼ Finally, the court's accidental reading of the details of Cardarella's prior offense was not prejudicial. The judge immediately ordered the jury to disregard the previous instruction, and in this case the Government presented exceptionally strong evidence of guilt.

> The implication of that line of questioning is clear. The Appellant took and passed a polygraph examination at a prior time and was not charged; since he is now charged he must have either refused or failed such examination * * *.

**2.** *See* DR 7–106(C)(3), *Code of Professional Responsibility:*

II.

◼ The first substantial claim of error raised by appellant is "[w]hether the trial court erred by refusing to grant a mistrial when the prosecutor asked the appellant, in cross-examination, if the appellant had not admitted guilt privately to the prosecutor, when no such statement was in evidence or ever offered into evidence." On cross-examination, appellant was asked:

Q. Now, it is true, isn't it, Mr. Cardarella, that you have sold some records through your shop that were boosted or stolen or that you had reason to believe were boosted or stolen?

A. I don't think I have, sir.

Q. Did we have a conversation during a hearing here on 6 April of 1977 concerning whether or not you were dealing in boosted items?

A. I don't remember that.

Q. Do you recall telling me that you did sell boosted items but it wasn't in the quantities I thought?

A. I don't remember that, either, sir.

MR. GALLIPEAU: Your Honor, I'm going to object to this for several reasons, if I may.

\* \* \* \* \* \*

MR. GALLIPEAU [out of hearing of the jury]: I'm going to move for a mistrial on the basis of the fact that *unless Mr. Helfrey is willing to take the stand and be cross-examined* on this matter that this raises just a terrible specter before this jury of the credibility of this defendant. [Emphasis added].

The line of questioning may be open to the charge that it is improper and unethical.[2] Nevertheless, not every error, defect or irregularity requires setting aside a criminal conviction. *Schneble v. Florida,* 405 U.S. 427, 430, 92 S.Ct. 1056, 31 L.Ed.2d 340

> (C) In appearing in his professional capacity before a tribunal, a lawyer shall not:
> \* \* \* \* \* \*
> (3) Assert his personal knowledge of the facts in issue, except when testifying as a witness.

(1972). In cases where prosecutorial misconduct is alleged we must review the facts independently to ascertain whether there has been prejudice to the defendant. *United States v. Splain,* 545 F.2d 1131, 1135 (8th Cir. 1976).

■ In this case we believe the alleged misconduct was harmless beyond a reasonable doubt. Against the background of a long trial in which the Government presented almost overwhelming evidence indicating appellant's guilt, the prejudicial effect of this incident must be deemed insignificant. *Schneble v. Florida, supra,* 405 U.S. at 430, 92 S.Ct. 1056.

Moreover, Mr. Gallipeau's motion for a mistrial, as quoted above, was made contingent on the unwillingness of the prosecutor to take the stand and be cross-examined on his insinuations. The prosecutor, at sidebar, *did offer* to take the stand and be cross-examined on the statement; however, the defendant apparently declined the invitation. Under the circumstances, we cannot say with certainty that appellant preserved his objection for appeal.

Finally, after defendant denied the truth of the allegation, the prosecutor quickly dropped the line of questioning and never mentioned the matter again. Thus, we hold that the trial court's rejection of the mistrial motion does not constitute prejudicial error.

■ The second major assignment of error is broken down by appellant into several subcategories:

Whether the trial court erred with regard to the juror, Mrs. Eggars:

A. By denying Appellant's request that she be excused after expressing fear for her own safety.

B. By denying Appellant's counsel the opportunity to examine her as to the cause and possible effect of such fear when a second such incident arose.

C. By compelling Appellant to choose between allowing Mrs. Eggars to remain or forego his right to a trial by jury of twelve.

D. By refusing to grant a mistrial with regard to the above.

E. By failing to hold a requested evidentiary hearing on these matters on Appellant's motion for a new trial.

The basis of this objection relates to an incident involving juror Mrs. Eggars who through a communication to the court during the trial advised that she felt threatened and afraid, largely because certain individuals in the courtroom were staring at her. The court immediately held a hearing in chambers with the lawyers for both parties present. In response to questioning from the court, Mrs. Eggars indicated that she could render a fair and impartial verdict. The court then overruled the defendant's motion that Mrs. Eggars be excused, and instructed the juror not to speak to the other jurors about her fears or the case itself.

The next day of the trial, defense counsel renewed his motion to excuse the juror and asked for a second hearing in chambers. The judge denied the request for hearing but offered to excuse the juror if the defense would agree to go with an eleven-person jury in the event that another juror was lost.[3] The defense refused.

Upon completion of the trial, the defense moved for a mistrial on the ground that the defendant had been unduly prejudiced by maintaining a fearful juror on the venire. The judge denied the motion, but then dismissed juror Eggars from the case, as though she were an alternate juror. Thus, the controversial juror did not take part in the jury's deliberations or verdicts.

In sum, appellant contends that he was denied a fair trial because the juror's fears spread to the rest of the jury and tainted their verdict, even though the juror was not part of the panel when it rendered the verdicts. Nothing in the record supports this conclusion. As we have already noted, the judge carefully instructed the juror not to talk about her apprehensions to the other jurors. Moreover, at numerous points in the trial, the judge admonished the jury as

**3.** One juror had already been dismissed from the case, leaving one alternate.

a whole not to talk among themselves about the case. Appellant alleges no specific instance of communication among the jurors that causes us to question the presumption of a fair and impartial jury.

Finding no prejudicial error, the convictions are affirmed.