**UNITED STATES of America, Appellee,**

v.

**Anthony CARDARELLA, Appellant.**

**No. 78–1465.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 13, 1978.

Decided Dec. 18, 1978.

---

Philip F. Cardarella, and Charles A. Gallipeau, Kansas City, Mo., for appellant.

Ronald S. Reed, Jr., U. S. Atty., David B. B. Helfrey and Grover G. Hankins, Sp. Attys., U. S. Dept. of Justice, Kansas City, Mo., for appellee.

Before STEPHENSON, HENLEY and McMILLIAN, Circuit Judges.

PER CURIAM.

In 1977 Anthony Cardarella was found guilty by a jury sitting in the United States District Court for the Western District of Missouri[1] of conspiracy and of multiple substantive violations of federal statutes relating to firearms and to the interstate movement and handling of valuable stolen property. The defendant received a substantial sentence. He appealed and his conviction was affirmed by this court. *United States v. Cardarella,* 570 F.2d 264 (8th Cir.), *cert. denied,* 435 U.S. 997, 98 S.Ct. 1651, 56 L.Ed. 2887 (1978).

After the Supreme Court refused to review the defendant's conviction, he filed in the district court a motion for a new trial on the ground of newly discovered evidence to the effect that one witness who testified for the government was a compensated informer, and that another had received favorable treatment in connection with his prosecution in federal court in Kansas, and that those alleged facts had not been revealed to the defendant or to his attorney in advance of trial. *See* in this connection *United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976); *DeMarco v. United States,* 415 U.S. 449, 94 S.Ct. 1185, 39 L.Ed.2d 501 (1974); *Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972); *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); *Napue v. Illinois,* 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959); *Sanders v. United States,* 541 F.2d 190 (8th Cir. 1976), *cert. denied,* 429 U.S. 1066, 97 S.Ct. 796, 50 L.Ed.2d 784 (1977); *Weiland v. Parratt,* 530 F.2d 1284 (8th Cir.), *cert. denied,* 429 U.S. 847, 97 S.Ct. 130, 50 L.Ed.2d 118 (1976).

■ The granting of a new trial in a criminal case on the ground of newly discovered evidence is authorized by Fed.R. Crim.P. 33. The questions of whether an evidentiary hearing should be held in connection with a motion for a new trial based on the ground just stated, and the question of whether the motion should be granted, either with or without a hearing, address themselves to the broad discretion of the trial judge whose determinations will not be reversed in the absence of abuse. *United States v. Ward,* 544 F.2d 975, 976 (8th Cir. 1976).

■ In order to obtain a new trial on the ground of newly discovered evidence the movant must show (a) that the evidence was "newly discovered" in the sense that it was discovered since the trial; (b) that the movant had used due diligence; (c) that the evidence would not be merely cumulative or impeaching; (d) that the evidence is material to the issues involved; (e) that the evidence would be of such nature that upon a new trial the newly discovered evidence "would probably produce an acquittal." *United States v. Ward, supra,* 544 F.2d at 977. *See also United States v. VanMaanen,* 547 F.2d 50 (8th Cir. 1976); and *United States v. McColgin,* 535 F.2d 471 (8th Cir.), *cert. denied,* 429 U.S. 853, 97 S.Ct. 145, 50 L.Ed.2d 128 (1976).

The motion in the instant case was submitted to the district court on the motion itself, an application for an evidentiary hearing, a motion to require the govern-

---

1. The Honorable Ronald N. Davies, United States Senior District Judge, District of North Dakota, sitting by designation.

ment to produce the two witnesses in question, the government's response to the motions just mentioned, and a few other items not material here including a motion for a reduction of sentence.

The district judge who had tried the case and who had observed the witnesses while testifying denied without hearing the motions for a new trial and for a reduction of sentence. The judge made no specific findings of fact or conclusions of law and made no comment on the motions.

The record that counsel for the defendant have seen fit to bring before us is the same post-trial motion record that was presented to the district court and that has been described. On that meager record we cannot say that the trial judge erred or abused his discretion when he did not conduct an evidentiary hearing or when he denied the motion for a new trial.

The order of the district court is affirmed.