STATE of Maine

v.

Nelson SPEARIN.

Supreme Judicial Court of Maine.

Argued Sept. 15, 1983.

Decided Nov. 4, 1983.

David M. Cox, Dist. Atty., Gary F. Thorne, Asst. Dist. Atty. (orally), Bangor, for plaintiff.

Steven C. Fletcher (orally), Rockland, for defendant.

Before McKUSICK, C.J., and NICHOLS, VIOLETTE, WATHEN and GLASSMAN, JJ., and DUFRESNE, A.R.J.

PER CURIAM.

Defendant Nelson Spearin has taken two appeals, consolidated in the Law Court, from the action of two justices of the Superior Court (Penobscot County) in denying both of his *pro se* motions for new trial in his two separate convictions of arson. Since both motions for new trial were denied without participation by the trial counsel who was in the same period representing Spearin on his direct appeals in both cases, we send the motions back to the same Superior Court justices to be heard over again.[1]

In the first case, identified by docket No. CR–79–212, Spearin was convicted of arson on April 27, 1982. His court-appointed attorney filed a timely appeal of his conviction to the Law Court. Much later, on January 4, 1983, Spearin, acting *pro se,* filed a motion for a new trial on the ground of newly discovered evidence. Spearin argued

---

1. On September 15, 1983, when we heard oral argument on the consolidated appeals from the denial of defendant's motions for new trials, we also heard argument on the direct appeal from Spearin's second arson conviction (Superior Court docket No. CR–80–192). Since we are remanding for further proceedings in the Superior Court on defendant's motion for new trial, the Law Court's decision on that direct appeal will be deferred.

in his motion that the State's arson expert at trial had falsified his credentials. By order of this court, the direct appeal, on which defendant was represented by counsel, was held in abeyance pending the Superior Court's decision on the motion for new trial. On March 4, 1983, the Superior Court justice who had presided at Spearin's first arson trial, held a telephonic hearing on the motion for new trial with Spearin himself and an assistant district attorney. Although Spearin was at that time represented by court-appointed counsel in connection with his direct appeal to the Law Court, his counsel did not participate in the hearing. The Superior Court justice denied the motion, ruling that the evidence would not change the result and could have been discovered before trial by the exercise of due diligence. Spearin took the present appeal from that denial of a new trial.[2]

In the second case, docket No. CR–80–192, Spearin was convicted on September 22, 1982, of arson and of conspiracy and solicitation to commit arson. At his jury trial on the second arson indictment, defendant was represented by the same court-appointed attorney that represented him in his trial in CR–79–212 (and also represents him in these appeals), but a different Superior Court justice presided. His court-appointed attorney filed a timely appeal to the Law Court from his latest convictions.[3] On January 24, 1983, Spearin, again acting pro se, filed a motion for a new trial in his second arson case. As in his motion for new trial filed in connection with his first arson case, Spearin argued that he had newly discovered evidence that the State's arson expert had falsified his credentials. On February 3, 1983, the presiding justice, without holding a hearing, denied the motion "on its face," on the grounds (i) that the motion failed to allege that the evidence could not have been discovered before trial by the exercise of due diligence and (ii) that the evidence in any event would not change the result. Although Spearin was being represented by court-appointed counsel in connection with his then pending direct appeal, that lawyer was provided no opportunity to amend defendant's pro se motion, or to be heard prior to the presiding justice's summary denial of the motion.

Presented with the special circumstances of these two cases, we conclude that, out of concern for basic fairness to defendant and for full development of adequate records for appellate review, both cases should be remanded to the presiding justices for further consideration of the motions for new trial. Throughout the time that the pro se motions were being filed and disposed of in the Superior Court, the attorney who had defended Spearin in both arson jury trials was actively representing him in prosecuting his direct appeals to the Law Court from the judgments of conviction. Yet that attorney, even though in the Law Court he now briefs and orally argues Spearin's appeals from denial of his pro se motions, participated in no way in the Superior Court proceedings on those motions—at least so far as the record reveals. We refuse to speculate about the reasons for Spearin's double-tracked challenge to both of his convictions—one through his court-appointed attorney and the other pro se.[4] Under these circumstances, we are remanding with directions that the Superior Court justices reconsider the motions for new trial with the full participation of defendant's trial and appellate counsel.

2. Defendant's direct appeal from his conviction in CR–79–212, after oral argument before the Law Court on June 15, 1983, was decided against him on July 29, 1983. *State v. Spearin,* 463 A.2d 727 (Me.1983).

3. See n. 1 above.

4. We recognize the potential for abuse of the courts' processes by a defendant who seeks to proceed simultaneously pro se on one avenue of relief from a criminal conviction and through counsel on another. Faced with such tactics, the trial judge would be well advised to make a record of the defendant's waiver of participation by his court-appointed counsel and a record of that lawyer's disclaimer of interest in participating and his reasons therefor.

■ Since both motions for new trial are going back to the Superior Court for further proceedings, we must address the argument made by defense counsel on appeal that M.R.Crim.P. 33 requires a hearing to be held on such motions. We agree with defense counsel that a defendant moving for a new trial pending appeal is by rule entitled to a Superior Court hearing, which minimally must provide the defendant an opportunity to be heard in oral argument. Of course, the hearing may be waived by the parties.

Motions for new trial that are filed after an appeal has been taken are almost always based upon newly discovered evidence, since any other new trial motions must be brought within ten days after verdict or finding of guilt, subject to only a limited time enlargement. *See* M.R.Crim.P. 33. In the amended form promulgated by the Supreme Judicial Court in 1978, Rule 33 contained two paragraphs, the second of which read in full as follows:

> A motion for a new trial based on the ground of newly discovered evidence may be made only before, or within two years after, final judgment. If an appeal is pending, the clerk of the court shall immediately send notice to the clerk of the Law Court of the filing of such a motion; *the court shall conduct a hearing* and either deny the motion or certify to the Law Court that it would grant the motion, but the court may grant the motion only on remand of the case.

Me.Rptr., 381–384 A.2d L (emphasis added). Everything after the semicolon of the second sentence was new to the rule. That new language had as its principal result the elimination of an ambiguity that had previously existed whether the Superior Court could deny a motion for new trial without a remand of the case from the Law Court. The 1978 Advisory Committee's note states that the amendment "authorizes the Superior Court to hold a hearing on the motion and to deny it" without a remand. *Id.* at LIX. But the amendment in fact did more than remove an ambiguity or merely "au-

thorize" a hearing. The new language, "the court shall conduct a hearing," also mandated a hearing, thus effecting a further change. The rulemakers' language could scarcely be clearer. Thus, Maine departed from the federal rule, F.R.Crim.P. 33, which had originally been used as the model of our Maine Rule 33 and under which it has been held that a hearing is not mandated on every motion for new trial, *see United States v. Cardarella,* 588 F.2d 1204, 1205 (8th Cir.1979). *Cf.* 3A C. Wright, *Federal Practice & Procedure,* § 801, at 191 (1982) ("It is discretionary with the court whether to hold a hearing on a motion" in a criminal case).

■ Although a hearing is always required by amended Rule 33, the nature of that hearing depends upon the particular circumstances under which the new trial motion is made pending appeal. The hearing need not involve the taking of oral testimony, where, for example, no facts are in dispute or all factual matters are presented on affidavits. *See* M.R.Crim.P. 47(a) (the motion "may be supported by affidavit"); *cf.* M.R.Civ.P. 43(e). The last sentence of M.R.Crim.P. 47(b) also provides that the Superior Court in hearing any motion "may make provision for the submission and determination of [the motion] without oral hearing upon brief written statements of the reasons in support and opposition." Nonetheless, on every new trial motion during a pending appeal, the justice to whom it is addressed must at the very least accord the defendant, as well as the State, an opportunity to be heard either orally or through equivalent written submissions. However familiar the justice may be with the case from having presided at trial, amended Rule 33 says that at a minimum he must receive the adversaries' arguments on the question whether the defendant has shown convincingly that he has satisfied all five elements required for a new trial on the basis of newly discovered evidence, *see State v. Lord,* 458 A.2d 432, 433 (Me.1983). For the Law Court to hold otherwise would be to read the clause "the

court shall conduct a hearing" out of the 1978 amendment adopted by the Supreme Judicial Court.

The justice considering defendant Spearin's motion in the second arson case, docket No. CR–80–192, did not hold a hearing of any kind. The denial of that second motion must be vacated for that additional reason. In both cases on remand, defendant's counsel should be given an opportunity to amend defendant's *pro se* motions and to make whatever further presentation, including affidavits and argument, that he deems appropriate.

The entry is:

Denial of appellant's motions for new trial vacated; motions for new trial remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.