**STATE of Maine**

v.

**Ira WALKER.**

Supreme Judicial Court of Maine.
Argued May 5, 1986.
Decided June 5, 1986.

R. Christopher Almy, Dist. Atty., Philip Worden, Asst. Dist. Atty. (orally), Bangor, for plaintiff.

Vafiades, Brountas & Kominsky, Jeffrey Hjelm (orally), Bangor, for defendant.

Before McKUSICK, C.J., and NICHOLS, WATHEN, GLASSMAN and SCOLNIK, JJ.

WATHEN, Justice.

Defendant Ira Walker appeals from an order of the Superior Court (Penobscot County) denying his motion for a new trial based on newly discovered evidence. Defendant argues on appeal that the Superior Court violated M.R.Crim.P. 33 in denying his motion without affording an opportunity for a testimonial hearing. Alternatively,

he argues that the denial of an opportunity to be heard on the motion in oral argument requires reversal. Contrary to *dictum* contained in *State v. Spearin,* 467 A.2d 173, 175 (Me.1983), we hold that the question whether to conduct a hearing under Rule 33 is addressed to the discretion of the trial judge. Finding no abuse of discretion, we affirm the denial of the motion for new trial.

## I.

On February 1, 1985, following a jury trial in the Superior Court, defendant was convicted of two counts of Gross Sexual Misconduct, 17-A M.R.S.A. § 253(1)(B) (1983). While his direct appeal[1] from conviction was pending, defendant filed the motion that is the subject of the present appeal. In requesting a new trial on the grounds of newly discovered evidence, defendant alleged that an acquaintance of the complaining witness would testify that subsequent to trial the complainant had denied that defendant "ever had sexual intercourse with her," a statement inconsistent with her testimony at trial. Defendant accompanied his motion with a request for a testimonial hearing. The justice who presided at trial denied the motion without a hearing. In doing so, the Superior Court expressly assumed the accuracy of defendant's factual allegations but concluded that the newly discovered evidence would not be likely to lead to a different result in a new trial. From this order defendant appeals.

## II.

Defendant's argument focuses principally on the denial of any opportunity for a testimonial hearing. He argues that "a testimonial hearing is the only type of hearing which will afford him a proper opportunity to demonstrate that he has satisfied the elements required for a new trial." In his reply brief, defendant observes that in any event, his request for a testimonial hearing cannot be viewed as a waiver of his

---

1. The underlying convictions were affirmed in *State v. Walker,* 506 A.2d 1143 (Me.1986).

right to be heard in oral argument on the motion and contends that deprivation of such an opportunity, standing alone, requires reversal. Thus, we are required to determine the extent of any requirement for hearing under Rule 33.

The original version of Rule 33 [2] was modeled upon F.R.Crim.P. 33 which does not explicitly require a hearing. Under the federal rule it has been held that a hearing is not mandatory for all motions for new trial and that the decision whether to hold a hearing is within the discretion of the trial court. *United States v. Cardarella,* 588 F.2d 1204, 1205 (8th Cir.1978). *See also* 3A C. Wright, *Federal Practice & Procedure* § 801, at 191 (1982). By amendment adopted January 3, 1978, the drafters of our criminal rules addressed certain logistical problems created by the filing of a motion for new trial while a direct appeal was pending in the Law Court. The original rule expressly prohibited the Superior Court from granting a new trial prior to remand. Read together with the companion provisions of Rule 37(d) (prohibiting further action by the Superior Court after an appeal is filed), the criminal rules prevented any action on a motion for new trial until the appeal process was completed. This procedure created needless delay on routine motions for new trial and precluded any integration of motions for new trial based on newly discovered evidence with the appeal process. The 1978 amendment to Rule 33 sought to alleviate these problems as follows:

> The court on motion of the defendant may grant a new trial to him if required in the interest of justice. If the trial was

by the court without a jury, the court on motion of a defendant for a new trial may vacate the judgment if entered, take additional testimony and direct entry of a new judgment. A motion for a new trial based on any ground other than newly discovered evidence shall be made within ten days after verdict or finding of guilty or within such further time as the court may fix during the ten-day period.

> A motion for a new trial based on the ground of newly discovered evidence may be made only before, or within two years after, final judgment. If an appeal is pending, the clerk of court shall immediately send notice to the Clerk of the Law Court of the filing of such a motion; *the court shall conduct a hearing* and either deny the motion or certify to the Law Court that it would grant the motion, but the court may grant the motion only on remand of the case.

M.R.Crim.P. 33, Me.Rptr., 381–384 A.2d L (emphasis added). At the same time Rule 37(d) was amended to exclude proceedings for a new trial on the ground of newly discovered evidence from actions prohibited pending disposition of an appeal.

The 1978 Advisory Committee's note explains the flexibility instilled by the new procedure:

> Rule 33 is amended to clarify the procedure for handling motions for new trial on the ground of newly discovered evidence when an appeal is pending. It *authorizes* the Superior Court to hold a hearing on the motion and to deny it. If the Superior Court Justice would grant the motion, he is to file a certificate in writing with the clerk stating that he

**2.** The original version read as follows:

> The court on motion of the defendant may grant a new trial to him if required in the interest of justice. If the trial was by the court without a jury the court on motion of a defendant for a new trial may vacate the judgment if entered, take additional testimony and direct entry of a new judgment. A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment, but if an appeal is pending the court

> may grant the motion only on remand of the case; upon the filing of such a motion while an appeal is pending the clerk of the court shall immediately send notice to the clerk of the Law Court of the filing of such a motion. A motion for a new trial based on any other ground shall be made within ten days after verdict or finding of guilty or within such further time as the court may fix during the ten-day period.

161 Me. 549, 584–85 (1965).

would grant the motion, which certificate should be filed, docketed and forwarded to the clerk of the Law Court. The Law Court may then either immediately remand the case to permit the Superior Court Justice to grant the motion for a new trial or it may elect to decide the appeal before remanding the case. In the latter event if the Law Court sets aside the judgment and orders a new trial there would be no occasion for the Superior Court Justice to formally grant the motion for a new trial on remand. However, if the judgment is affirmed by the Law Court, upon remand the Superior Court Justice could then enter an order granting the new trial on the ground of newly discovered evidence. If the Superior Court denies the motion while an appeal is pending, defendant may appeal from that denial and supplement the record in the Law Court in order that the denial of a motion for a new trial may be considered along with the basic appeal.

M.R.Crim.P. 33 Advisory Committee's note to 1978 amend., Me.Rptr., 381–384 A.2d LIX (emphasis added).

■ The present controversy arises from the fact that the 1978 amendment of Rule 33 states that "the court shall conduct a hearing" in describing the procedure to be followed if an appeal is pending. Relying on our opinion in *State v. Spearin,* 467 A.2d 173 (Me.1983), defendant argues that the rule now mandates a hearing on every motion for new trial based on newly discovered evidence filed during the pendency of a direct appeal. We disagree.

■ In *Spearin,* we vacated the orders denying two motions for new trial filed by Spearin, acting *pro se,* while two separate appeals were being prosecuted by court appointed counsel. One motion was denied without hearing and the second motion was denied after a telephonic hearing in which Spearin himself and an assistant district attorney participated. Because Spearin's attorneys were excluded from both proceedings, we vacated the orders "out of concern for basic fairness to defendant and for full development of adequate records for appellate review." *Id.* at 174. Because the motions were remanded to the Superior Court we addressed in *dictum* the requirement of a hearing and concluded that the 1978 amendment constituted a departure from the discretionary standard created by the federal rule. *Id.* at 175–76. Having focused on the issue more carefully we now disavow our statement in *Spearin.*

A purposive reading of the 1978 amendment in context reveals that the rule was intended only to authorize a hearing pending appeal rather than to discard, wholesale, the discretion recognized by the earlier rule and its federal model. The Advisory Committee's note expressly states that the rule is intended to authorize a hearing. Moreover, the purpose of the amendment, as reflected in the note, is fully accomplished by merely permitting the Superior Court to hold a hearing and would in no way be advanced by mandating a hearing. Finally it would make no sense to mandate a hearing in the event an appeal were pending, and yet leave the question to the court's discretion in the absence of an appeal. The context demonstrates conclusively that the amendment was designed to authorize a hearing pending appeal, if in the exercise of the court's discretion a hearing was deemed appropriate. We conclude that the 1978 amendment was not intended to abrogate the discretionary standard on the question of a hearing *vel non* and the nature and extent of any hearing.

In the present case the presiding justice did not abuse his discretion in summarily disposing of the motion for new trial without a hearing.

The entry is:

Judgment affirmed.

All concurring.