**STATE of Maine**

v.

**Ricky L. and Tammy D. REILLY.**

Supreme Judicial Court of Maine.

Submitted on Briefs June 14, 1993.

Decided July 9, 1993.

Janet T. Mills, Dist. Atty., Joseph M. O'Connor, Asst. Dist. Atty., South Paris, for plaintiff.

Ray R. Pallas, Westbrook, for defendants.

Before ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

RUDMAN, Justice.

Ricky and Tammy Reilly appeal from the judgment entered in the Superior Court (Oxford County, *Bradford, J.*) denying their motion for a new trial based on newly discovered evidence. We vacate the judgment and remand for a testimonial hearing on the defendants' motion.

The defendants were convicted of arson, *see* 17-A M.R.S.A. § 802 (1983 & Supp. 1992), in connection with the destruction by fire of their Norway home. Nearly one year after they were sentenced, the defendants filed a motion for a new trial, pursuant to M.R.Crim.P. 33, based on newly discovered evidence. The evidence alleged to be "newly discovered" was the conclusions of Lawrence Dolby, a forty-year employee of the State Fire Marshall's Office, hired by the defendants after the trial as an expert to determine the source and origin of the fire. Dolby investigated the fire scene and opined that the fire's point of origin was in an area never examined by either the defendants' or the State's trial experts, and concluded that arson was not the cause of the fire. The trial court refused to conduct a full testimonial hearing under the authority of *State v. Walker*, 510 A.2d 1064 (Me.1986); and, after an offer of proof was made by the defendants, denied their motion for a new trial.

In *State v. Walker*, we held that the decision whether to conduct a hearing on a motion for a new trial based on newly discovered evidence is within the discretion of the trial court. *Id.* at 1065. It is significant that neither the State's nor the defendant's experts made the observations on which Dolby's opinion was based. The trial court stated on the record that it had "agonized over this on whether or not we should get into a one-day hearing or a two-day hearing or less...." A full testimonial hearing on the defendants' motion for a new trial would have permitted a more detailed inquiry into the significance and possible effects of Dolby's hypothesis on the previously expressed opinions of the source and origin of the fire presented at trial by both the State and the defendants, and would also have allowed Dolby to comment on the conclusions of those other experts, a subject not covered in Dolby's affidavit. The court also would have been better able to determine whether the evidence proffered and the opinion based thereon could have, with due diligence, been discovered prior to and offered at trial. Furthermore, observing Dolby testify would have provided the trial court with an opportunity to judge his credibility, an issue squarely within the discretion of the trial court. *See State v. Lyons*, 466 A.2d 868, 871 (Me.1983).

In short, a full testimonial hearing would have provided the trial court with a more complete factual basis than the cold pages of an expert's affidavit, and accompanying photographs, on which to base its ultimate decision on the motion for a new trial pursuant to the criteria set forth in *State v. Casale*, 148 Me. 312, 319–20, 92 A.2d 718, 722 (1952). In close cases, such as the instant case, the better practice is to hear the new evidence offered by the defendant, so the court can observe the conduct of the witnesses, weigh the value of the evidence, and its potential for a different verdict if presented at a new trial. *See State v. Sawyer*, 314 A.2d 830, 834 (Me.1974) (citation omitted). "A full evidentiary record will make review of a denial of a motion for a new trial more efficient and complete." 1 D. Cluchey & M. Seitzinger, *Maine Criminal Practice* § 33.1 at VI–30 (rev. ed. 1992).

We therefore remand this case to the Superior Court with instructions to conduct an evidentiary hearing on the defendants' motion for a new trial. "The discovery of truth is the single aim of all judicial inquiry, and justice should always move to its end with deliberation and with the strength and dignity of impartial law." *State v. Terrio*, 98 Me. 17, 39, 56 A. 217, 226 (1903).

The entry is:

Judgment vacated.

Remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.