**UNITED STATES of America, Appellee,**

v.

**Tommy SWAREK, Appellant.**

**No. 81–2339.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 15, 1982.

Decided May 7, 1982.

Rehearing and Rehearing En Banc Denied June 3, 1982.

See also 8th Cir., 656 F.2d 331.

42

Samuel A. Perroni, Perroni & Rauls, Little Rock, Ark., for appellant.

George W. Proctor, U. S. Atty., Fletcher Jackson, Asst. U. S. Atty., Little Rock, Ark., for appellee.

Before HENLEY, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

HENLEY, Circuit Judge.

Tommy Swarek appeals the order of the district court denying his motion for a new trial based on newly discovered evidence. We affirm.

In 1979 appellant Swarek and one William R. Smith, Sr. were charged with conspiring to defraud an agency of the United States, the Small Business Administration (SBA). Shortly after the indictment was returned, Smith began suffering from physical and mental infirmities. Because of these infirmities counsel for Smith moved for a continuance on three occasions. Swarek joined in these motions. The district court granted the first two continuances requested by the codefendants on this ground, but refused to continue the cause against Swarek an additional time.[1] Instead, the court severed the causes for trial. A jury subsequently found Swarek guilty, and his conviction was affirmed by this court. *United States v. Swarek*, 656 F.2d 331 (8th Cir.), *cert. denied*, 454 U.S. 1034, 102 S.Ct. 573, 70 L.Ed.2d 478 (1981). Smith, who eventually recovered, was tried by a jury and acquitted in February, 1981. We briefly set forth the events leading to Swarek's conviction.[2]

In summer, 1977 Smith and his son purchased a majority of the stock of Venture Capital, Inc. (Venture), an investment company organized to provide financing for small businesses and regulated by the SBA. To supplement funds available for loans by investment companies to small businesses, the SBA was authorized to purchase stock issued by such companies provided that the amount purchased did not exceed a specified percentage of the investment company's total paid in capital and paid in surplus. When the sum of paid in capital and paid in surplus was at least $500,000.00, the amount of stock that the SBA was authorized to purchase increased, and the investment company became eligible for matching funds through the sale of this additional stock. In the instant case, codefendants Swarek and Smith were charged with agreeing to falsely represent to the SBA, on an application for matching funds, that Venture's total paid in capital and paid in surplus exceeded $500,000.00.

At the time the plan to procure additional funding from the SBA was conceived, Venture had only $297,000.00 in combined paid in capital and paid in surplus. The plan to increase paid in capital and surplus to a minimum of $500,000.00 involved the following circular scheme, riddled with suspect transactions: (1) a bank loaned $400,000.00 to Smith personally; (2) Smith purchased 80,000 shares of Venture stock with the $400,000.00 loan, increasing Venture's paid

---

1. The codefendants requested an additional continuance on different grounds. It was granted by the district court.

2. A detailed discussion of the facts is contained in our decision affirming appellant Swarek's conviction. *See United States v. Swarek*, 656 F.2d 331, 333–35 (8th Cir.), *cert. denied*, 454 U.S. 1034, 102 S.Ct. 573, 70 L.Ed.2d 478 (1981).

in capital to $697,000.00; (3) Venture loaned $200,000.00 each to two businesses organized by appellant Swarek; (4) these two businesses used the loan money to purchase purported assets from a corporation in which Swarek was the sole shareholder; (5) this corporation transferred a $400,000.00 check to a second Swarek corporation; (6) the second Swarek corporation purchased a $400,000.00 certificate of deposit from the bank that provided the $400,000.00 loan to Smith; (7) the certificate of deposit and the 80,000 shares of Venture stock were used to secure the loan. *See United States v. Swarek*, 656 F.2d at 334–35.

The application for funding presented to the SBA indicated that Venture had recently received $400,000.00 in paid in capital, which had increased its total paid in capital and paid in surplus to $697,000.00. Relying on the representations contained in the application, the SBA awarded matching funds totaling $697,000.00. These funds ultimately settled in Swarek's hands when they were loaned by Venture to a number of individuals who purchased businesses from appellant.

On the basis of these facts, the government made a persuasive showing, at Swarek's trial, that the claimed $400,000.00 increase in paid in capital was illusory and that "the loan proceeds were placed in the Venture coffers only to acquire SBA funding, and when that was accomplished the money was returned." *United States v. Swarek*, 656 F.2d at 336.

After the United States Supreme Court declined to review appellant's conviction, he filed a motion for a new trial alleging that the testimony given by Smith during the Smith trial constituted newly discovered evidence that entitled him to a new trial. *See* Fed.R.Crim.P. 33. In denying the motion the district court concluded that "there was no testimony in Smith's trial which could have been construed as exculpatory as to Swarek, and certainly not the testimony of Smith." *United States v. Swarek*, No. LR–CR–79–80 (E.D.Ark. Dec. 3, 1981) (order).

■ We have set forth the criteria for granting a motion for new trial on the ground of newly discovered evidence on numerous occasions. Before such a motion can be granted, the following five criteria must be met:

(1) the evidence must be in fact newly discovered, that is, discovered since the trial; (2) facts must be alleged from which the court may infer diligence on the part of the movant; (3) the evidence relied upon must not be merely cumulative or impeaching; (4) it must be material to the issues involved, and (5) it must be of such nature that, on a new trial, the newly discovered evidence would probably produce an acquittal.

*United States v. Ward*, 544 F.2d 975, 977 (8th Cir. 1976) (citations omitted); *see United States v. Frye*, 548 F.2d 765, 769 (8th Cir. 1977).

■ Appellant's contention that he is entitled to a new trial focuses on the last of these requirements. Even assuming, however, that appellant has satisfied the four remaining criteria, we conclude that he has not established that the testimony of Smith would probably result in acquittal on a retrial. *See United States v. Goehring*, 585 F.2d 371, 373 (8th Cir. 1978).

During his trial on the conspiracy charge, Smith denied conspiring with Swarek to defraud the SBA. He testified that he was unaware of any plan to pledge the certificate of deposit as collateral before signing the loan agreement and did not at any time discuss collateralizing the loan with anything other than the 80,000 shares of Venture stock. In addition, Smith stated that he did not prepare the application for SBA funding but only signed it without examining it. In response to the prosecutor's question, "And your position is that you were an innocent bystander victimized by Mr. Swarek?" he stated: "That is absolutely correct." Appellant now contends that because Smith was indicted on an identical charge alleging an unlawful agreement between only two named individuals, that is, Smith and Swarek, and was acquitted of that charge, Smith's testimony presents a

**44**

substantial likelihood of appellant's acquittal at a new trial.[3]

After carefully reviewing Smith's testimony and the evidence adduced during Swarek's trial, we conclude that the district court did not abuse its discretion in denying appellant's motion for a new trial. *See United States v. Ward,* 544 F.2d at 977. At the trial of Swarek the defense submitted to the jury the theory that appellant did not participate in a conspiracy or make any fraudulent representations to the SBA. Despite his testimony, including bland denials of any illegal scheme or intent, and the testimony of several defense witnesses, the jury accepted the government's theory of the case. In light of the evidence of Swarek's unquestionable knowledge of and participation in a scheme engineered only to convince the SBA to part with grant funds for his ultimate benefit, we do not see how Smith's blanket denial of a conspiracy and his testimony placing all the responsibility on appellant would, as a practical matter, produce a different outcome on a retrial. *See United States v. Geders,* 625 F.2d 31, 33 (5th Cir. 1980); *United States v. Panza,* 612 F.2d 432, 441 (9th Cir. 1979), *cert. denied,* 447 U.S. 925, 100 S.Ct. 3019, 65 L.Ed.2d 1118 (1980).

Accordingly, the judgment of the district court is affirmed.

---

**3.** In its brief the government states:

The words conspired together 'and with other persons' were put in the indictment for a reason. The jury could find that [one or more of several individuals named at trial conspired] with Swarek.

\* \* \* \* \* \*

Smith's testimony does not negate a conspiracy, just that he was not in it.... Even if a new jury believes that Smith was an

innocent bystander, he would still sink Swarek's ship by putting others on board.

In light of the allegations of the indictment and the proof at both trials, we find that the government's contention is based on nothing more than sheer speculation. Thus, we reject the government's proffered ground in affirming the district court's denial of appellant's motion for a new trial.