UNITED STATES of America, Appellee,

v.

Richard Charles FIDDLER, Appellant (two cases).

Nos. 81–2250, 82–1615.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 30, 1982.

Decided Sept. 3, 1982.

Affirmed in part and vacated and remanded in part.

Ralph A. Vinje, Bismarck, N. D., for appellant.

Rodney S. Webb, U. S. Atty., Dennis D. Fisher, Asst. U. S. Atty., Fargo, N. D., for appellee.

Before BRIGHT, Circuit Judge, and STEPHENSON and HENLEY, Senior Circuit Judges.

PER CURIAM.

In these consolidated appeals, Richard Charles Fiddler appeals the orders of the district court denying his motion for a new trial on the ground of newly discovered evidence,[1] Fed.R.Crim.P. 33, and his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2255 (No. 81–2250).[2] Fiddler also appeals from another order of the district court denying a motion for a new trial filed after remand of the cause by this

---

1. Appellant's motion also urged a new trial "in the interest of justice," Fed.R.Crim.P. 33. In his brief, he concedes that the district court lacked jurisdiction to grant the motion on this ground because it was untimely filed. Nevertheless, we have set forth the facts surrounding the motion for new trial in the interest of justice since they serve as background for appellant's claim for relief under 28 U.S.C. § 2255.

2. Appellant also sought to appeal the judgment of conviction. This court, however, in an order dated January 28, 1982, found that the appeal from the judgment of conviction was not timely filed. We therefore do not consider the issues raised in appellant's brief that relate to the attempted appeal of his conviction.

court (No. 82–1615). We affirm with respect to both orders denying a new trial and vacate and remand with respect to the petition for habeas relief.

*No. 81–2250*

Appellant was convicted of committing the offense of incest against his sixteen year old daughter.[3] After the trial he filed a motion for a new trial in the interest of justice[4] and on the ground of newly discovered evidence. In support of his request for a new trial in the interest of justice appellant alleged that he was the stepfather, rather than the natural father, of the victimized daughter.[5] Affidavits in support of his motion stated that he had acknowledged his paternity in writing two years after the birth, had consented to being designated as the father on the birth certificate, and had reared his stepdaughter as his own child.[6] These affidavits, however, denied any biological relationship. On this basis appellant argued that he could not have committed incest since the North Dakota statute under whose terms he was prosecuted, N.D.Cent. Code § 12.1–20–11 (1976), requires a consanguine relationship.

In urging his other ground for a new trial Fiddler advanced as newly discovered evidence his daughter's statements concerning her prior sexual activities with men other than himself. He contended that these statements, which were made during the

investigation of an unfounded post-trial charge of sexual misconduct against a foster father with whom she was placed, were relevant to counter the adverse inference raised by the government's medical evidence showing that his daughter had engaged in sexual relations over an extended period of time.[7] Appellant also argued that because his daughter leveled a groundless charge of sexual misconduct against her foster father shortly after he had restrained her activities and likewise complained about appellant's conduct immediately after he and his wife had restricted her privileges, the later incident was newly discovered evidence relevant to the issue of credibility.

After hearing arguments from both parties,[8] the district court denied appellant's new trial motion. In doing so, it made the following statements concerning the issue of paternity:

> The issue of whether the crime of incest can exist between the complaining witness, *who is not the natural child of the defendant,* and the defendant, is a novel one under North Dakota law....[9] *[T]he relationship between the complaining witness and the defendant, which is analogous to the relationship between a stepfather and his stepdaughter, is not a consanguine or blood relationship.*
>
> *The facts* asserted in this case *do not lead to the conclusion that the relationship*

---

**3.** Fiddler, who is of American Indian descent, was prosecuted under 18 U.S.C. § 1153, which gives the United States jurisdiction over certain enumerated offenses committed by Indians within the boundaries of Indian reservations. Section 1153 provides that the offense of incest "shall be defined and punished in accordance with the laws of the State in which such offense was committed." 18 U.S.C. § 1153 (Cum.Supp.1982). In the instant case, the offense was committed on the Standing Rock Sioux Indian Reservation in North Dakota.

**4.** *See* n.1 *supra.*

**5.** At trial, appellant testified without contradiction that he was the father of the complaining witness. The government also introduced public records to establish appellant's paternity.

**6.** Under North Dakota law a presumption of paternity, rebuttable by clear and convincing

evidence, is created when these events occur. N.D.Cent.Code § 14–17–04 (Supp.1977).

**7.** Over objection, appellant's daughter testified at trial that her father had engaged in sexual intercourse with her since she was nine years old.

**8.** We note that there was no adversarial hearing, in the sense of examining and cross-examining witnesses, on the question of Fiddler's paternity either during the proceedings on the first new trial motion filed by appellant or in any other proceeding connected with this case.

**9.** After examining the law of jurisdictions that have considered this question and decisions discussing the proper construction of penal statutes, the court concluded that consanguinity was an essential element of the offense of incest under North Dakota law. This determination is not disputed by the government.

... *was incestuous* because the relationship cannot be said to be prohibited by [the statute, which] require[s] consanguinity ....

\*   \*   \*   \*   \*   \*

[T]he defendant has raised serious doubts on the issue of whether he was the complaining witness' natural father.[10]

The Court believes that the defendant is entitled to a new trial in the interest of justice. However, the defendant did not disclose this information during the seven day period within which a motion for a new trial in the interest of justice must be made as required by Rule 33. Thus, ... [the] Court has no authority to grant the motion for a new trial ....

*United States v. Fiddler,* No. C1–81–02, slip op. at 3–4 (D.N.D. Oct. 28, 1981) (emphasis added).

Turning to the other ground urged in support of appellant's motion, the court concluded that evidence of the complaining witness' prior sexual conduct was not newly discovered since it was available before trial and could have been discovered through the exercise of diligence. Additionally, the court found that this evidence and evidence of the false accusation against the foster father would merely serve to impeach the complaining witness' testimony.

A few days after the district court denied the motion for a new trial, appellant filed his section 2255 petition, alleging that there was insufficient evidence on the requisite element of paternity to sustain a conviction for incest. The court summarily denied the petition on the same day.

We have carefully considered the affidavits and other evidence in support of the request for a new trial, the parties' arguments before the district court and on appeal, and the memorandum decision of the trial court. After doing so, we conclude that the district court properly rejected the evidence tendered by appellant as "newly discovered."[11] *See, e.g., United States v. Swarek,* 677 F.2d 41, 43 (8th Cir. 1982); *United States v. Carlone,* 603 F.2d 63, 66–67 (8th Cir.), *cert. denied,* 444 U.S. 943, 100 S.Ct. 299, 62 L.Ed.2d 310 (1979). Accordingly, we affirm the denial of the motion for a new trial on the ground of newly discovered evidence.[12]

Directing our attention to appellant's claim for habeas relief, we conclude that the trial court's summary denial of relief cannot stand. As we have noted, appellant's petition for habeas corpus followed on the heels of the court's denial of his motion for a new trial. Although the ground on which appellant sought habeas relief was rather inartfully stated, the district court was intimately familiar with the circumstances of his case. Indeed, in its memorandum decision issued only a few days earlier, it had addressed the identical ground in the context of a new trial motion and had been constrained to deny the motion only because it was untimely filed. In these circumstances and in light of the trial court's finding that appellant "raised serious doubts on the issue of whether he was the complaining witness' natural father,"

---

10. The court also stated: "The Court assumes for the moment that the defendant can rebut the assumption of paternity which arises out of the birth certificate which names the defendant as the father of the complaining witness." *United States v. Fiddler,* No. C1–81–02, slip op. at 2 (D.N.D. Oct. 28, 1981).

11. Our disposition of this issue makes it unnecessary to specifically address appellant's argument on appeal that he was wrongfully denied access to the file compiled by the Bismarck (North Dakota) Police Department during the course of its investigation of the allegation of sexual misconduct against the complaining witness' foster father, who was a Bismarck police officer.

12. As to the other ground urged in the motion, the district court correctly determined that it lacked the authority to grant a new trial in the interest of justice. It is clear that the timely filing of a motion for new trial based on any ground other than newly discovered evidence is a jurisdictional prerequisite. *See, e.g., United States v. Lara-Hernandez,* 588 F.2d 272, 275 (9th Cir. 1978); *United States v. Ellison,* 557 F.2d 128, 133 (7th Cir.), *cert. denied,* 434 U.S. 965, 98 S.Ct. 504, 54 L.Ed.2d 450 (1977); *United States v. Beran,* 546 F.2d 1316, 1319 n.1 (8th Cir. 1976), *cert. denied,* 430 U.S. 916, 97 S.Ct. 1330, 51 L.Ed.2d 595 (1977).

*United States v. Fiddler, supra,* slip op. at 4, we believe that appellant should have received an evidentiary hearing on the question of paternity raised in his habeas petition. *See, e.g., Smith v. United States,* 618 F.2d 507, 510 (8th Cir. 1980); *Vandenades v. United States,* 523 F.2d 1220, 1223 (5th Cir. 1975); *accord, Mattingly v. Ciccone,* 503 F.2d 502, 503 (8th Cir. 1974). Thus, we vacate the order of the district court denying the petition and remand the cause with leave to appellant to amend his section 2255 petition and with directions to the court to hold an evidentiary hearing.

*No. 82–1615*

While the appeal in No. 81–2250 was pending, appellant filed a motion with this court requesting a limited remand to permit the district court to consider a second motion for new trial on the ground of newly discovered evidence. Appellant's motion was accompanied by the affidavit of his daughter stating that she had given perjured testimony concerning the incestuous conduct in question. This court granted a limited remand for the stated purpose, and appellant subsequently filed a new trial motion. After a hearing at which both parties had an opportunity to question the complaining witness,[13] the district court denied appellant's motion, stating: "[The complaining witness'] testimony does not conflict with the ... testimony at the trial of the defendant." *United States v. Fiddler,* No. C1–81–02 (D.N.D. May 10, 1982) (order).

 We have carefully reviewed the transcript of the proceedings on appellant's second motion for a new trial[14] and conclude that the district court properly denied the motion. Before a defendant is entitled to relief·on a claim of perjured testimony, two elements must be established: the falsity of the testimony and the prosecution's knowledge that the testimony was perjured at the time it was used. *See Lindhorst v. United States,* 658 F.2d 598, 601–02 (8th Cir. 1981), *cert. denied,* 454 U.S. 1153, 102

S.Ct. 1024, 71 L.Ed.2d 309 (1982). In the instant case appellant failed to establish either element. Therefore, we affirm the order of the district court denying the motion for a new trial on the ground of newly discovered evidence.

In sum, the judgments of the district court with respect to the orders denying a new trial in Nos. 81–2250 and 82–1615 are affirmed. The judgment of the district court denying the section 2255 petition in No. 81–2250 is vacated and the case is remanded for further proceedings consistent with this opinion.

---

13. The complaining witness was represented by court-appointed counsel at the hearing.

14. We note that neither appellant nor the government filed a brief in appeal No. 82-1615.