948 F.2d 1290
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James R. GILBERT, Defendant-Appellant.
 No. 90-2327.
 United States Court of Appeals, Sixth Circuit.
 Nov. 15, 1991.
 
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 James R. Gilbert, an attorney proceeding pro se, appeals the district court's order denying his motion for a new trial brought pursuant to Fed.R.Crim.P. 33. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Gilbert was indicted in February 1987 on three counts of making false statements to the government, in violation of 18 U.S.C. § 1001, and one count of mail fraud, in violation of 18 U.S.C. § 1341. The government alleged that Gilbert falsely represented that the final cost of a housing project he developed as shown on Farmers Home Administration (FmHA) Form 1924-13 had been reduced by the amount of any "kickbacks, rebates, adjustments, discounts, or any other devices" which would reduce the actual cost of the project. Gilbert was convicted following a bench trial of one count of making a false statement. The district court rejected Gilbert's claim that the money was a loan and/or payment for future legal services. Instead, it found that Gilbert had received kickbacks in the amount of $49,000 which he had misrepresented on Form 1924-13 submitted to the FmHA on July 30, 1984. Gilbert was sentenced to six months imprisonment, with a recommendation of parole after serving two months. A panel of this court affirmed Gilbert's conviction on direct appeal. Gilbert's motion for a new trial, based upon alleged newly discovered evidence, was denied on September 6, 1988 following a hearing. That denial was not appealed. Gilbert's sentence of confinement was completed in March 1989.
 
 
 3
 Gilbert's present motion for a new trial or, in the alternative, for an evidentiary hearing, is also based upon newly discovered evidence. He alleges that Granger, the general contractor, recently demanded repayment of a $25,000 promissory note signed by Gilbert. Gilbert claims that this evidence proves that the money received from Granger in connection with the housing project was a loan rather than a kickback and "renders [the] Court's previous opinion as to the intent of Granger erroneous." The district court denied the motion in an order filed November 26, 1990, on the basis that Gilbert's conviction did not depend on whether or not promissory notes existed. The district court explained this conclusion as follows:
 
 
 4
 Based primarily upon Gilbert's recorded telephone conversations, the court concluded that the money was a kickback. Gilbert's statements when interviewed in his law office are inconsistent with his present position that the money was a loan. The fact that Granger has now decided to attempt to squeeze some money from Gilbert may tend to impeach Granger's credibility. Gilbert's conviction, however, did not depend upon Granger's credibility. To the contrary, it was apparent at the trial that Granger was a dishonest person.
 
 
 5
 J.A. at 59.
 
 
 6
 Gilbert raises eight issues on appeal: (1) the district court abused its discretion in denying his motion for a new trial; (2) the order denying his motion is a modified, new, or real finding of fact, but Gilbert was earlier denied the same; (3) the district court's findings of fact constitute an unconstitutional judicial amendment to the indictment; (4) the evidence is not sufficient to support his conviction, in light of the modified findings of fact; (5) the prosecution knowingly used perjured testimony; (6) the prosecution did not provide material revealing the perjury to defense counsel; (7) there was a violation of the sequestration order; and (8) the cumulative effect of the above errors justifies relief.
 
 
 7
 Upon review, we conclude the district court did not abuse its discretion in denying Gilbert's motion for new trial or evidentiary hearing. See United States v. Word, 806 F.2d 658, 666 (6th Cir.1986), cert. denied, 480 U.S. 922 (1987).
 
 
 8
 Motions based upon grounds other than newly discovered evidence must be brought within seven days after a finding of guilt. Motions based upon newly discovered evidence must be brought within two years of such a finding. Because this motion was filed more than seven days but less than two years after the Sixth Circuit's mandate in this case, this motion may be based only upon the allegation of newly discovered evidence. See Fed.R.Crim.P. 33, United States v. Fiddler, 688 F.2d 45, 48 n. 12 (8th Cir.1982) (per curiam); United States v. Lara-Hernandez, 588 F.2d 272, 275 (9th Cir.1978) (per curiam). Gilbert's complaints about his trial proceedings are untimely.
 
 
 9
 "Motions for a new trial based on newly discovered evidence are disfavored and a trial court's determination that a new trial is not warranted will not be reversed absent 'clear abuse of discretion.' " United States v. O'Dell, 805 F.2d 637, 640 (6th Cir.1986), cert. denied, 484 U.S. 859 (1987). Gilbert has not met this standard.
 
 
 10
 Accordingly, the district court's order, filed November 26, 1990, is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.