UNITED STATES of America, Appellee,

v.

Frank Douglas WARD and Johnnie Lee
Slingerland, Appellants.

No. 76–1598.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 15, 1976.

Decided Nov. 17, 1976.

H. Allan Dishongh, Little Rock, Ark., for
appellants.

W. H. Dillahunty, U. S. Atty. and Gene
O'Daniel, Asst. U. S. Atty., Little Rock,
Ark., for appellee.

Before LAY, ROSS and STEPHENSON,
Circuit Judges.

PER CURIAM.

Frank Ward and Johnnie Slingerland ap-
peal from the district court's[1] denial of
their motion for a new trial based on newly

1. The Honorable J. Smith Henley, United
States Circuit Judge, sitting by designation in
the Eastern District of Arkansas. Judge Hen-
ley also presided at the original trial.

**976**

discovered evidence. For the reasons stated below, we conclude that the trial court's denial of the motion did not constitute an abuse of discretion and accordingly affirm.

Appellants and two co-defendants, Paul Jarnigan and Joseph Micciche, were convicted after a jury trial of conspiring to knowingly and fraudulently transfer and conceal assets in contemplation of a bankruptcy proceeding with intent to defeat the bankruptcy law, 18 U.S.C. § 371. The facts underlying the charge were that appellants, their co-defendants, and William Wilson, all of whom worked at the Factory Surplus and Freight Sales (FSFS) store in Little Rock, Arkansas, conspired to obtain large quantities of furniture on credit, sell the furniture at bargain prices at auctions, stage a fake robbery to explain the losses, and disappear with the profits. On appeal appellants' convictions were affirmed, but the convictions of the two co-defendants (Jarnigan and Micciche) were reversed because of insufficiency of the evidence. *United States v. Micciche*, 525 F.2d 544 (8th Cir. 1975), *cert. denied sub nom., Ward v. United States*, 424 U.S. 966, 96 S.Ct. 1460, 47 L.Ed.2d 732, and *Slingerland v. United States*, 424 U.S. 966, 96 S.Ct. 1460, 47 L.Ed.2d 732 (1976).

On June 11, 1976, approximately 18 months after trial, appellants filed a motion for a new trial on the basis of newly discovered evidence, pursuant to Fed.R.Crim.P. 33. In the motion appellants essentially alleged that they had obtained a sworn statement[2] from William Wilson, a co-defendant who had pleaded guilty and testi-

fied for the government at trial, in which Wilson recanted portions of his testimony.[3]

Appellants contend that the trial court erred in denying their new trial motion without the benefit of a hearing to determine the validity of the alleged recanted testimony. A motion for new trial based on newly discovered evidence may be decided ordinarily upon affidavits without a hearing. *See United States v. Colacurcio*, 499 F.2d 1401, 1406 n. 7 (9th Cir. 1974); *United States v. Hoffa*, 382 F.2d 856, 864–65 (6th Cir. 1967), *cert. denied*, 390 U.S. 924, 88 S.Ct. 854, 19 L.Ed.2d 984 (1968); *United States v. Crowder*, 351 F.2d 101, 104–05 (6th Cir. 1965); *Ewing v. United States*, 77 U.S. App.D.C. 14, 135 F.2d 633, 638 (1942), *cert. denied*, 318 U.S. 776, 63 S.Ct. 829, 87 L.Ed. 1145 (1943). There may be exceptional circumstances in which an oral hearing should be granted. *Lyles v. United States*, 272 F.2d 910, 912 (5th Cir. 1959). Moreover, the necessity for a hearing is diminished in cases involving challenged testimony where the trial judge has had an opportunity to observe the demeanor and weigh the credibility of the witness at trial. *Cf. United States v. Johnson*, 327 U.S. 106, 112, 66 S.Ct. 464, 90 L.Ed. 562 (1946). Furthermore, "[c]ourts look upon recantation with suspicion. The trial court, which has had the witness before it, is in a much better position to determine where the truth lies than an appellate court." *Johnson v. United States*, 291 F.2d 150, 154 (8th Cir. 1961). On this record we are satisfied the court did not abuse its discretion in failing to hold an evidentiary hearing.

2. No affidavit was attached to the motion for new trial. Although Fed.R.Crim.P. 33 does not expressly require a motion for new trial to be accompanied by affidavits, there is some authority for the proposition that a failure to produce or explain the absence of an affidavit of a recanting witness will result in the denial of a motion for new trial. *See United States v. Johnson*, 142 F.2d 588, 592 (7th Cir. 1944); *United States v. Bully*, 282 F.Supp. 327, 331 (E.D.Va.1968).

3. The motion also states that Paul Jarnigan, a co-defendant whose conviction was reversed on appeal, has recanted his testimony. This

bald contention is without merit for the reason, *inter alia*, that Jarnigan did not testify at trial. In addition, the motion states that an unidentified truck driver would testify that the government paid him to relocate quantities of furniture. Apparently, this testimony, assuming it is credible, would tend to show that more of the property alleged to have been transferred or concealed by appellants had been recovered. Because the existence of the conspiracy is unaffected by the amount of furniture recovered by the receiver, this kind of evidence does not satisfy the requirements for granting a new trial. See discussion *infra*.

Appellants' alternate assertion is that the trial court erred in denying their motion for new trial. This court has repeatedly set out the relevant standards for granting a motion for new trial on the ground of newly discovered evidence. *See United States v. McColgin*, 535 F.2d 471, 476 (8th Cir. 1976); *United States v. Pope*, 415 F.2d 685, 691 (8th Cir.), *cert. denied*, 397 U.S. 950, 90 S.Ct. 973, 25 L.Ed.2d 132 (1969); *Johnson v. United States*, 32 F.2d 127, 130 (8th Cir. 1929). As stated in *McColgin*, the following criteria must be established:

(1) the evidence must be in fact newly discovered, that is, discovered since the trial; (2) facts must be alleged from which the court may infer diligence on the part of the movant; (3) the evidence relied upon must not be merely cumulative or impeaching; (4) it must be material to the issues involved, and (5) it must be of such nature that, on a new trial, the newly discovered evidence would probably produce an acquittal.

*United States v. McColgin, supra*, 535 F.2d at 476, *quoting from United States v. Pope, supra*, 415 F.2d at 691. The grant or denial of a motion for new trial based on newly discovered evidence is within the broad discretion of the trial court, and the trial court's decision will not be reversed absent a clear abuse of discretion. *United States v. Bohn*, 508 F.2d 1145, 1150 (8th Cir.), *cert. denied*, 421 U.S. 947, 95 S.Ct. 1676, 44 L.Ed.2d 100 (1975); *United States v. Stewart*, 445 F.2d 897, 899 (8th Cir. 1971).

Appellants' most significant contention concerning newly discovered evidence is that William Wilson, the government's primary witness, would refute his testimony about a meeting where he and appellants allegedly originated the "scam" operation to defraud creditors. This is the only direct evidence in the record of a formal express agreement to defraud creditors. Nevertheless, it is well established that the existence of a conspiracy may be proven without proof of an express agreement. *See, e. g. United States v. Overshon*, 494 F.2d 894, 895–96 (8th Cir.), *cert. denied*, 419 U.S. 853, 95 S.Ct. 96, 45 L.Ed.2d 85 (1974); *Langel v. United States*, 451 F.2d 957, 961 (8th Cir. 1971); *Jacobs v. United States*, 395 F.2d 469, 472 (8th Cir. 1968).

Assuming the existence and credibility of the newly discovered evidence relied upon by appellants, there is substantial circumstantial evidence in the record from which the jury could infer an agreement among Wilson and appellants. *See United States v. Micciche, supra*, 525 F.2d at 546. For example, the record reveals that title to a truck purchased with FSFS funds was placed under Ward's name to conceal it from the authorities in the event of bankruptcy. Ward misrepresented the source of the furniture to an auctioneer. Proceeds from an auction sale of furniture were divided among Wilson and appellants. Wilson and appellants rented warehouse space in various Arkansas cities where quantities of furniture were stored. Wilson and Slingerland attempted to conceal the existence of furniture by papering over the windows of a warehouse. At approximately the time FSFS terminated business operations, Wilson and appellants emerged from a bank together, shook hands, and departed. Ward told an employee of FSFS that it would be best if she did not know what had happened to the large inventory of furniture. There is also evidence indicating the suspicious nature of an alleged robbery of $68,200 in cash from Slingerland. In view of this circumstantial evidence, there is not a probability that Wilson's recanted testimony would produce an acquittal in the event of a new trial.

The motion for new trial also states that Wilson would recant his testimony that Ward did not purchase furniture from Slingerland. Wilson testified at trial that Ward had taken without payment furniture acquired on credit by FSFS. In contrast, Ward stated that he purchased the furniture in an arms-length transaction with Slingerland. Again assuming this alleged recantation to be valid,[4] the record reveals

4. Although the purported sale to Ward involved furniture valued at $29,200, no memo-randum or other tangible evidence of such sale was introduced into evidence.

978

substantial independent evidence indicating that Ward was a knowing member of the conspiracy. In view of this evidence, it does not appear probable that Wilson's recantation would produce an acquittal for Ward at a new trial.

 The two remaining allegations in the motion for new trial are without merit. Appellants contend that Wilson and three other unidentified witnesses would refute the testimony of Ramona Johnson, an FSFS employee. The motion also challenges the credibility of Wilson's testimony at trial on the basis of his then-existing mental state. Such evidence is merely related to impeachment and, as such, is not sufficient to compel granting a new trial. *See United States v. McColgin*, 535 F.2d 471, 476 (8th Cir. 1976).

In summary, appellants' motion for new trial on the ground of newly discovered evidence does not satisfy the standards for granting such a motion. The district court did not commit an abuse of discretion in denying the motion.

Affirmed.