UNITED STATES of America, Appellee,

v.

Sylvester ATKINS, Appellant.

No. 76–1719.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 6, 1976.

Decided Dec. 16, 1976.

Larry B. Luber, St. Louis, Mo., for appellant.

Barry A. Short, U. S. Atty., and Richard E. Coughlin, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before HEANEY, STEPHENSON and HENLEY, Circuit Judges.

PER CURIAM.

Sylvester Atkins appeals from the District Court's [1] denial of his motion for a new trial based on newly discovered evidence. We affirm.

---

1. The Honorable John K. Regan, United States District Judge for the Eastern District of Missouri.

The appellant was indicted and charged with three counts of distributing a controlled substance (heroin) in violation of 21 U.S.C. § 841(a)(1). At trial, the government's case was based largely on the testimony of Bert Dilworth, a self-confessed narcotics addict and a paid informant of the Office for Drug Abuse Law Enforcement (DALE). Dilworth testified that, on two separate occasions, he purchased heroin from the appellant at the direction, and under the supervision, of DALE agents. His testimony was corroborated by DALE agents who witnessed the alleged transactions. The jury returned a verdict of guilty on two counts.[2] The appellant was sentenced to twelve years on each count, with the sentences to run consecutively, and to special parole terms aggregating six years. His conviction was affirmed on appeal. United States v. Atkins, 487 F.2d 257 (8th Cir. 1973).

The appellant subsequently filed the instant motion for a new trial, which alleged the following grounds for relief: (1) that Dilworth had recanted his trial testimony, and (2) that a complaint filed with the United States Magistrate by a DALE agent contradicted the trial testimony of other DALE agents. The District Court denied a motion for a new trial and this appeal ensued.

The appellant's first claim is based upon an affidavit executed by Dilworth shortly after the appellant was sentenced. In that affidavit, Dilworth stated that he had lied at trial, that he had never purchased any narcotics from the appellant and that the entire case against the appellant had been fabricated by DALE agents.

At the evidentiary hearing on appellant's motion for a new trial, Dilworth testified in a manner substantially identical to his sworn statements in the affidavit. However, the government introduced evidence that Dilworth had told two DALE agents that he had executed the affidavit under threat of death from appellant's brother (since deceased) and two other unidentified persons. The government also introduced evidence that Dilworth had previously sought police protection because he feared for his life.

This case thus presents substantial problems of credibility. The District Court, after hearing Dilworth's recanted testimony and observing his demeanor, found that Dilworth had told the truth at trial and that his recanted testimony was not credible.

■ We have reviewed the record carefully and find that it is not free from doubt, but we do not sit as de novo factfinders. Our review of a grant or denial of a motion for a new trial based on newly discovered evidence is limited, and the trial court's decision will not be reversed absent a clear abuse of discretion. United States of America v. Ward and Slingerland, 544 F.2d 975, 977 (8th Cir. 1976); United States v. Bohn, 508 F.2d 1145, 1150 (8th Cir.), cert. denied, 421 U.S. 947, 95 S.Ct. 1676, 44 L.Ed.2d 100 (1975). We find no such abuse.

■ The appellant's second ground for relief is closely related to the first. It involves a complaint sworn out before the United States Magistrate, upon which a warrant of arrest for the appellant was issued. In that complaint, Detective Robert Loehr stated that Dilworth had handed Loehr the packets of heroin following one of the purchases from the appellant. At trial, Dilworth and other DALE agents[3] testified that Dilworth had handed the packets of heroin to Detective Bennie Green. In order to compel granting a new trial on the basis of newly discovered evidence, the evidence must be newly discovered. United States of America v. Ward and Slingerland, supra at 977; United States v. McColgin, 535 F.2d 471, 476 (8th Cir. 1976). Here, it was not as appellant's counsel was furnished with a copy of the complaint prior to trial. He could have pursued the matter during trial had he been so inclined.

The order of the District Court is affirmed.

---

2. The third count had been dismissed prior to trial when another informant failed to appear in response to a government subpoena.

3. Detective Loehr did not testify at the trial.