For the reasons set out above, the Court will deny defendant Neville's motion to vacate his sentence.

**Sylvester ATKINS, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 78–1038C(B).**

United States District Court, E. D. Missouri, E. D.

Oct. 27, 1978.

Sylvester Atkins, pro se.

### MEMORANDUM

REGAN, District Judge.

By this pro se motion filed pursuant to Section 2255, 28 U.S.C., petitioner seeks to vacate sentence imposed upon him on May

4, 1973. Petitioner was convicted on two counts, each charging distribution of heroin in violation of Section 841(a)(1), 21 U.S.C., and was sentenced to a term of twelve years imprisonment on each count, the sentences to be served consecutively, with provisions for two special parole terms of three years each. The convictions were affirmed. *U. S. v. Atkins,* 8 Cir. 1973, 487 F.2d 257. Subsequently, petitioner moved for a new trial on the ground of newly discovered evidence. After an evidentiary hearing, at which petitioner was present, the motion was overruled. *U. S. v. Atkins,* D.C.Mo. 1976, 420 F.Supp. 607. The order denying a new trial was affirmed on appeal. *U. S. v. Atkins,* 8 Cir. 1976, 545 F.2d 1153.

The sole ground of the present motion to vacate is that the consecutive sentences were violative of the double jeopardy claims of the Fifth Amendment, in that the two counts of the indictment constituted a single offense and that the facts the government was required to prove as to each count were the same.

The motion to vacate is frivolous. Count I charged a distribution of heroin on or about August 2, 1972 while Count II charges a distribution of another quantity of heroin on or about August 16, 1972. The government proved that petitioner had in fact sold heroin to an informant on two separate occasions in August, 1972. Each sale constituted a separate offense, particularly where, as here, the sales were made on different days. It follows that the motion to vacate should be denied.