**UNITED STATES of America, Appellee,**

v.

**William Arthur WIDGERY, Appellant.**

**No. 81–1172.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 12, 1981.

Decided March 31, 1982.

John Muller, Mendelson, Kennedy, Miller, Muller & Hall, Indianapolis, Ind., for appellant.

J. Whitfield Moody, U. S. Atty., Cynthia A. Clark, Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before ROSS and STEPHENSON, Circuit Judges, and HOWARD,* District Judge.

HOWARD, District Judge.

This is an appeal by the appellant, William Arthur Widgery, from the district court's[1] denial of his motion and supplemental motions for a new trial on grounds of newly discovered evidence. The thrust of appellant's argument for reversal is that the district court applied the wrong standard of review in considering his motion and supplemental motions for a new trial and abused its discretion in not affording him an evidentiary hearing on his motions. We affirm.

The pertinent facts for a proper resolution of the issues tendered are: Appellant was charged on October 4, 1979, in a twenty-eight count indictment with mail and wire fraud in violation of Title 18 U.S.C. §§ 1341 and 1343 (1976), in connection with the submission of orders for car washing equipment to Robo Wash, Inc.[2] The jury returned a verdict of guilty on Counts I

---

* George Howard, Jr., District Judge, Eastern and Western Districts of Arkansas, sitting by designation.

1. The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

2. On February 4, 1977, appellant entered into an agreement with Robo Wash to produce a sufficient number of orders for equipment in order to generate a profit for Robo Wash so that its tax return for the fiscal year ending September 30, 1977, would show a before-tax profit on line 28 of $135,000. The figure of $135,000 was designated because Robo Wash had a loss carry forward of $135,000 that it would lose if it were not taken in the taxable year ending September, 1977.

through X and not guilty on Counts XI through XXVIII. Appellant was sentenced to pay a $500.00 fine on each count and to be imprisoned for a term of five years on each count, the sentences to run concurrently. The appellant appealed his conviction to this Court. On December 5, 1980, this Court reversed his conviction on Counts V and X and affirmed the remaining counts. *United States v. Widgery*, 636 F.2d 200 (8th Cir. 1980).

On December 29, 1980, appellant filed a motion for a new trial on grounds of newly discovered evidence which was denied by the trial court on February 11, 1981. Appellant filed an appeal to this Court. On March 9, 1981, appellant filed a motion for remand to the trial court in order to supplement the record with additional newly discovered evidence. On March 30, 1981, this Court remanded the case to the district court, stating:

"the district court shall supplement the record by inclusion of the alleged new evidence ... and may in its discretion grant an evidentiary hearing if it appears necessary to do so."

The purported relevance of the alleged newly discovered evidence, identified later, may be understood clearly by the following summary: Braxton Jones, president of Robo Wash, and who testified on behalf of the government that the orders were fraudulent, took the orders from appellant and used them as security for loans from Goppert Bank which had financed Robo Wash over a number of years. Appellant claimed that the orders were legitimate although contingent on financing and that Jones committed the fraud when he used the orders as security without explaining the contingencies.

Since the trial, appellant allegedly discovered new evidence which establishes that Braxton Jones defrauded Goppert Bank on a number of loan transactions unrelated to appellant. Appellant further contends that Jones committed perjury in order to implicate and place the blame on him. Further, appellant claims that newly discovered evidence reveals that the government had knowledge of the wrongdoing of Jones and failed to disclose this to appellant before trial.

The district court allowed the record to be supplemented and after reviewing the record, the trial court determined that an evidentiary hearing was unwarranted and again denied the motion for a new trial. The present appeal ensued.

## I.

■ Appellant urged the district court, as he now does on appeal, to apply the standards enunciated in *United States v. Runge*, 593 F.2d 66 (8th Cir. 1979) rather than the traditional and stricter test in *United States v. Ward*, 544 F.2d 975 (8th Cir. 1976), in evaluating his motions for new trial. To obtain a new trial under *Ward*, a movant must meet the following five requirements: (1) the evidence must be in fact newly discovered, that is, discovered since the trial; (2) facts must be alleged from which the court may infer diligence on the part of the movant; (3) the evidence relied upon must not be merely cumulative or impeaching; (4) it must be material to the issues involved; and (5) it must be of such nature that, on a new trial, the newly discovered evidence would probably produce an acquittal.

Under *Runge*, "knowing use of perjured testimony requires that a conviction be set aside 'if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury.'" *United States v. Runge*, supra, 593 F.2d at 73, quoting from *United States v. Agurs*, 427 U.S. 97 at 103, 96 S.Ct. 2392 at 2397, 49 L.Ed.2d 342.

To demonstrate perjury by Jones, appellant submitted several documents including affidavits from Nelse Carlson concerning the Goppert Bank transaction, from James Harold regarding the procedure for obtaining financing, and from Harry Duggan "clarifying" his trial testimony. He also sought to demonstrate the government's knowledge and use of perjured testimony by documents filed in a civil action that were submitted by Goppert Bank to its insurance company on certain losses sus-

tained by the bank in its financial dealings with Robo Wash. Since these documents indicate that the bank reported the circumstances of the fraudulent transaction to the F.B.I. office in Kansas City on March 30, 1978, appellant argues the government, including the attorneys prosecuting the case, knew or should have known that Jones would have given perjured testimony at trial to conceal his own criminal activities.

To invoke the *Runge* test, there must be "specific instances of prosecutorial misconduct, such as the use of 'known perjured testimony,' in a deprivation of fundamental due process." *United States v. Carlone*, 603 F.2d 63 (8th Cir. 1979). The district court found, and we agree, that the evidence relating to the government's knowledge of the alleged perjury is based on speculation and conjecture. Therefore, the district court did not err in rejecting the *Runge* test and instead using the *Ward* test in evaluating the motions for new trial.

Appellant further contends that he is entitled to a new trial even if the *Ward* standards are applied. To demonstrate that the newly discovered evidence was in fact discovered after trial, he points out that through an investigation following the trial, the work papers of the accountants who performed an audit of Robo Wash in 1977 were discovered. He contends he meets the requirement of due diligence since the case was extremely complex; there were geographic problems with appellant, his attorney and the witnesses dispersed in Kansas City, Missouri, Florida and Indiana; there was no way to learn of the other fraudulent transactions unrelated to appellant; trial counsel had tried to obtain a relevant 1977 tax return previously; and Jones changed his testimony at trial from what was expected so appellant had no way of knowing there would be a need for evidence to impeach Jones. While acknowledging that the newly discovered evidence is impeaching, appellant asserts that it is not "merely impeaching", but is substantive evidence since it establishes that someone other than appellant committed the crimes. Appellant argues that the Jurgens Vrooman, Inc.'s

evidence—a loan from Goppert Bank which was allegedly secured by an incomplete sale of equipment to Jurgens Vrooman, Inc.—is material since it directly relates to Jones' knowledge and involvement; the tax return is material since it rebuts appellant's alleged motive; and that certain affidavits are material in establishing over twenty incidents where Jones committed perjury. He states he meets the final *Ward* requirement since this evidence would probably produce an acquittal since Jones' testimony would be completely discredited and his testimony was the basis for the convictions.

An appellate court does not sit as a *de novo* fact-finder. "Our review of a grant or denial of a motion for a new trial based on newly discovered evidence is limited, and the trial court's decision will not be reversed absent a clear abuse of discretion." *United States v. Atkins*, 545 F.2d 1153 at 1154 (8th Cir. 1976). The district court found appellant's newly discovered evidence to be merely impeaching and with due diligence could have been discovered prior to trial. The district court further found that there was little likelihood that the jury's verdict would be affected by the new evidence.

The primary obstacle to appellant's request for a new trial is his failure to meet the requirement that the evidence not be cumulative or merely impeaching. All the evidence submitted is a series of attacks on Jones' testimony. Stripped of argument, the fact remains that the evidence is merely impeaching and is a continuation of the strategy employed at trial. Appellant also has problems with other *Ward* requirements. The evidence and arguments presented tend to show that the material now relied upon could have been discovered prior to trial with due diligence. Finally, we are not persuaded that the evidence, on a retrial, would probably produce an acquittal.

## II.

A brief note should be mentioned regarding appellant's argument that the district

court erred in not holding an evidentiary hearing. On remand we directed the district court to allow the record to be supplemented and, in its discretion, to hold a hearing if deemed necessary. Appellant was given the opportunity to submit evidence and argument in support of his motions. The record reveals that he responded by filing at least six affidavits and other documents. Based on the record before us, we can find no abuse of discretion.

Affirmed.

### Supplemental Order

The motion to supplement the appellate record of defendant-appellant, William Arthur Widgery, is hereby denied without prejudice to the right of the appellant to file in the district court a motion for new trial based on the grounds of newly discovered evidence, upon the issuance of the mandate of this court. This court expresses no opinion as to whether or not the district court should hold an evidentiary hearing on this claim of newly discovered evidence.