UNITED STATES of America, Appellee,

v.

Jerry WEEKLEY, Appellant.

No. 84–1469.

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 6, 1984.

Decided Sept. 24, 1984.

Rehearing Denied Oct. 12, 1984.

Robert L. Teig, Asst. U.S. Atty., Pamela Jo Lewis, Student Legal Intern, N.D. Iowa, Cedar Rapids, Iowa, for appellee.

Robert F. Wilson, Cedar Rapids, Iowa, for appellant.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

Defendant Jerry Weekley appeals his conviction on two counts of illegally acquiring and possessing food stamp coupons, and one conspiracy count, contending that the district court erred in denying his new trial motion. We affirm.

Weekley's trial took place on March 7, 1984. The Government introduced direct evidence of his guilt by the testimony of Calvin Ritzman, a participant in the two illegal acquisitions. Ritzman's testimony was corroborated by the testimony of state and federal investigators.

As part of his defense, Weekley called his probation officer, Debra Marshall, to testify as a character witness. Marshall testified that Weekley had satisfied the terms of his probation and would have been released but for the charges of food stamp violations filed against him. However, she also testified that he was not "entirely honest," citing his failure to report some liability for the payment of back taxes.

On March 7, 1984, a jury found Weekley guilty on all three counts. On March 16, he moved for a new trial. His motion was denied on the ground that such motions must be made within seven days after the verdict unless they are based on newly discovered evidence. Fed.R.Crim.P. 33. On March 30, Weekley moved for a new trial on the basis of newly discovered evidence. The alleged "new evidence" was that state or federal agents had informed Debra Marshall of Weekley's tax problems before she testified. Weekley argued that he would not have called Marshall if he had known this fact, and that he would have been acquitted if she had not testified. The district court denied the March 30 motion, holding that this "new evidence" did not satisfy the five-factor test employed by this court. *See United States v. Gustafson*, 728 F.2d 1078 (8th Cir.1984); *United States v. Ward*, 544 F.2d 975 (8th Cir.1976).

We said in *United States v. Gustafson, supra*, that before a motion for new trial on the grounds of newly discovered evidence can be granted, the following five criteria must be met:

(1) the evidence must be in fact newly discovered, that is, discovered since the trial; (2) facts must be alleged from which the court may infer diligence on the part of the movant; (3) the evidence relied upon must not be merely cumulative or impeaching; (4) it must be material to the issues involved; and (5) it must be of such nature that, on a new trial, the newly discovered evidence would probably produce an acquittal.

*Id.* at 1084.

After carefully reviewing the record in this case, we agree with the district court that Marshall's testimony about Weekley's tax problems did not contribute significantly to his conviction. The evidence of his guilt was strong, based on the direct testimony of a participant in the illegal transactions. Furthermore, other evidence in the record tended to undermine his credibility more seriously than the statements about tax problems. Marshall actually minimized the seriousness of the tax problems in her testimony, stating that she did not know the specific nature of the problems, and was "not sure" whether they were of a criminal nature. Thus, Weekley did not satisfy the fifth requirement in *Gustafson*, and his motion for a new trial was properly denied.

Weekley also argues that a less demanding standard is applied to motions for new trial based on newly discovered evidence when a witness gives perjured testimony or is deliberately misinformed prior to trial. *United States v. Runge*, 593 F.2d 66 (8th Cir.), *cert. denied*, 444 U.S. 859, 100 S.Ct. 123, 62 L.Ed.2d 80 (1979). We need not address this argument because Weekley has presented no evidence whatsoever to show that the authorities misinformed Marshall about his tax problems or that the witness testified untruthfully about those problems. *See Gregory v. United States*, 365 F.2d 203, 205 (8th Cir.1966) (burden of proving entitlement to new trial is on movant).

The record fully supports the district court's discretionary ruling denying Weekley a new trial. Accordingly, we affirm.