**UNITED STATES of America, Appellee,**

v.

**Carl ESTABROOK, Appellant.**

**No. 84–2183.**

United States Court of Appeals,
Eighth Circuit.

Submitted June 14, 1985.
Decided Oct. 1, 1985.

\*    \*    \*    \*    \*    \*

     Thomas K. Wilka, Sioux Falls, S.D., for appellant.

John J. Ulrich, Asst. U.S. Atty., Sioux Falls, S.D., for appellee.

Before LAY, Chief Judge, JOHN R. GIBSON, Circuit Judge, and PHILLIPS *, Senior Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

Carl Estabrook appeals from a judgment of conviction following a jury trial on charges that he received and aided and abetted in the receipt of stolen tractors which constituted interstate commerce in violation of 18 U.S.C. §§ 2, 2315 (1982). He argues that the district court[1] erred in admitting, under Federal Rule of Evidence 404(b), evidence of other crimes approximately two months after the transaction which is the subject of the present indictment; that the court denied him due process of law by allowing a prosecution witness to testify when the government had not produced his statement in compliance with the pretrial discovery orders; and, finally that the district court erred in denying his motions for a new trial on the basis of newly discovered evidence. We affirm the judgment of the district court.

---

* The HONORABLE HARRY PHILLIPS, Senior United States Circuit Judge for the Sixth Circuit, sitting by designation, participated in the argument of the case and voted his agreement as to result, but was deceased at the time the opinion of the court was prepared.

1. The Honorable Fred J. Nichol, Senior United States District Judge for the District of South Dakota.

Carl Estabrook was indicted by a grand jury on one count of receiving stolen tractors in interstate transportation and aiding and abetting in the transaction. Two International Harvester tractors were stolen from a Kansas implement dealership in May 1982, having been shipped months earlier from Illinois to Kansas. They were recovered at Estabrook's son's farm in South Dakota in November 1982, where they had been sent on Estabrook's instructions. Appellant's son produced a written lease dated May 20, 1982, giving him possession of the tractors signed by the appellant and a Tito Rodriguez (hereafter the "tractor lease").

In July, 1982 three pieces of heavy construction equipment were stolen from an Amarillo, Texas dealership. In August, two were shipped by commercial trucker at Estabrook's direction from his residence in El Paso, Texas to a construction company in Wisconsin in which Estabrook had a financial interest, where they were later recovered by federal agents. The third piece of construction equipment was recovered from an El Paso, Texas construction firm in November 1982. The two pieces sent to Wisconsin were covered by a lease signed by Estabrook and Tito Rodriguez dated May 20, 1982; the piece recovered in Texas was covered by a second, identical lease (hereafter the "other equipment leases"). At trial, Lennis Sonne testified for the government that he saw a woman named Paula sign the name Tito Rodriguez to a number of documents which appeared to be leases, under Estabrook's instructions. Estabrook has not attacked the sufficiency of the evidence, and further evidence will be outlined only as it is material to the points that have been raised on appeal. Following the trial Estabrook was convicted of one count relating to the tractors stolen in Kansas.

## I.

Estabrook first argues that the district court erred in admitting as evidence of other bad acts under Federal Rule of Evidence 404(b) the other equipment leases, testimony relating to these leases, and testimony that the equipment covered by these leases was stolen. The district court admitted the evidence, with the customary cautionary instruction, as probative of the appellant's state of mind after an offer of proof by the government during its case-in-chief.

The test in this circuit for admission of other act evidence under Rule 404(b) requires a showing that:

(1) the evidence of the other act must be relevant to a material issue; (2) the other act must be similar in kind and reasonably close in time to the crime charged; (3) the evidence of the other act must be clear and convincing; and (4) the probative value of the evidence must not be outweighed by its prejudice.

*United States v. Gustafson,* 728 F.2d 1078, 1083 (8th Cir.), *cert. denied,* —— U.S. ——, 105 S.Ct. 380, 83 L.Ed.2d 315 (1984); *United States v. Miller,* 725 F.2d 462, 466 (8th Cir.1984). This circuit views rule 404(b) as one of inclusion, permitting admission of other crimes, wrongs, or bad acts material to an issue at trial, unless the evidence tends to prove only the defendant's criminal disposition. *United States v. Wagoner,* 713 F.2d 1371, 1375 (8th Cir.1983); *United States v. Boykin,* 679 F.2d 1240, 1244 (8th Cir.1982). The trial court is vested with broad discretion in determining whether to admit wrongful act evidence. *Wagoner,* 713 F.2d at 1375. The trial court's determination will not be disturbed unless the appellant can show that the evidence in question clearly had no bearing upon any of the issues involved. *United States v. Marshall,* 683 F.2d 1212, 1215 (8th Cir.1982).

Estabrook contends that the other act evidence was not relevant to any material issue and excessively prejudicial, and was not proved by clear and convincing evidence. Additionally, he argues that the district court erred in admitting the other act evidence during the government's case-in-chief.

The district court held the other equipment leases and related testimony rel-

evant to the question of Estabrook's knowledge that the tractors were stolen, and to suggest that his acts were not accidental nor mistaken. Knowledge that the goods were stolen is an essential element of 18 U.S.C. § 2315,[2] *see Miller,* 725 F.2d at 468, and the one most strenuously controverted by the appellant. The admission of other act evidence to prove knowledge is premised on the hypothesis that it is unlikely that repetitive involvement in criminal conduct will leave a defendant oblivious to the character of the acts in question. 2 J. Weinstein & M. Berger, *Weinstein's Evidence* § 404(13), at 404–72 (1982).

■ Here, three similar items, proved stolen, were found in the possession of individuals holding leases purporting to convey rightful possession, signed by Estabrook and a Tito Rodriguez. These leases (as well as the tractor lease) were all dated May 20, 1982, almost two months before the equipment was stolen. Additionally, there was testimony that some of the stolen equipment was picked up at Estabrook's house and shipped to the destination where it was eventually retrieved by government agents. On the basis of this and other evidence in the record, we cannot say that the district court abused its discretion in finding the evidence of the leases and other stolen equipment relevant to appellant's state of mind.[3] *Cf. United States v. Gocke,* 507 F.2d 820, 824 (8th Cir.1974) (in trial for counterfeiting money under 18 U.S.C. § 471, counterfeit drivers licenses found in defendant's possession admissible to prove intent and absence of mistake), *cert. denied,* 420 U.S. 979, 95 S.Ct. 1407, 43 L.Ed.2d 660 (1975).

■ Estabrook's contention that the district court erred in finding that the government proved his bad acts by clear and convincing evidence is also without

merit. The government need only prove by clear and convincing evidence the appellant committed the extrinsic acts which give rise to inferences as to his knowledge. *See Marshall,* 683 F.2d at 1215; *cf. United States v. McCollum,* 732 F.2d 1419, 1424–25 (9th Cir.) (evidence of prior crimes not admissible to show intent if there is substantial dispute concerning whether the event charged as a crime occurred at all), *cert. denied,* —— U.S. ——, 105 S.Ct. 301, 83 L.Ed.2d 236 (1984). The evidence regarding the leases and the defendant's role in the disposition of the stolen property was not vague, uncertain or speculative. *Gustafson,* 728 F.2d at 1083; *United States v. Evans,* 697 F.2d 240, 249 (8th Cir.), *cert. denied,* 460 U.S. 1086, 103 S.Ct. 1779, 76 L.Ed.2d 352 (1983). There was specific testimony of what occurred, when it occurred, what was involved, and who was involved. *Evans,* 697 F.2d at 249. On the basis of the evidence in the record, we cannot say that the district court abused its discretion in finding the proof of the extrinsic evidence clear and convincing.

■ Estabrook next argues that the district court should have refused to admit the evidence because its probative value was outweighed by its prejudicial effect. The evidence of the other equipment leases and related testimony was not on its face so inflammatory as to divert the attention of the jury from the material issue of the defendant's knowledge at the time of the transactions detailed in the indictment. *Evans,* 697 F.2d at 249. Moreover, the evidence was not admitted to prove conduct, only state of mind. The district court gave a limiting instruction warning the jury not to consider the other act evidence as substantive proof, but only as proof of the appellant's knowledge, and the absence

---

2. "Whoever receives, * * * any goods, wares or merchandise, * * * of the value of $5,000 or more, * * * moving as, or which are a part of, or which constitute interstate or foreign commerce, knowing the same to have been stolen, unlawfully converted, or taken; * * *." 18 U.S.C. § 2315 (1982).

3. The district court also suggested that the other act evidence might be admissible to show common scheme or plan. We find the evidence relevant to show knowledge and absence of mistake, and therefore we need not determine whether the other acts were sufficiently similar to the transactions detailed in the indictment to come within the common scheme exception.

of mistake or accident in his dealings with the stolen equipment. *See Gustafson*, 728 F.2d at 1084; *United States v. Goehring*, 585 F.2d 371, 373 (8th Cir.1978). The danger that the jury would draw improper prejudicial inferences from the evidence as to the Estabrook's predisposition to crime therefore was minimized. *See* 22 C. Wright & K. Graham, *Federal Practice and Procedure*, § 5245, at 505 (1978). *See also McCollum*, 732 F.2d at 1425 ("Where the mental state to be inferred from undisputed acts of a defendant is a crucial issue, evidence of past criminal acts has generally been found insufficiently prejudicial to warrant exclusion."). We have no difficulty concluding that this evidence satisfies the test set out in *Miller*. We cannot conclude that the district court abused its discretion.

▋ Estabrook also contends that the district court committed reversible error in permitting the government to introduce the evidence in its case-in-chief. This court has recognized that as a general rule it is preferable to delay the admission of 404(b) evidence until after the defense rests because it places the trial court in the best position to determine whether the issue sought to be proved by the extrinsic act evidence is really in dispute, and if so, to assess its probative worth and possible prejudicial effect. *Wagoner*, 713 F.2d at 1376; *United States v. Clemons*, 503 F.2d 486, 489 (8th Cir.1974). *Accord United States v. Figueroa*, 618 F.2d 934, 939 (2d Cir.1980). However, where it is made clear at the outset of the trial that the defendant's principal defense is a lack of knowledge or intent, and thus the issue is unarguably in dispute, the government may take the defendant at his word and introduce the evidence in its case-in-chief. *Miller*, 725 F.2d at 466; *see also Evans*, 697 F.2d at 248 n. 8 (government may anticipate obvious defense of lack of intent and introduce other act evidence in case-in-chief); *United States v. Maestes*, 554 F.2d 834, 837 n. 3 (8th Cir.) (same), *cert. denied*,

431 U.S. 972, 97 S.Ct. 2936, 53 L.Ed.2d 1070 (1977). Moreover, Estabrook did not request that the government's offer of proof be delayed until after he rested, nor did he object to the timing of the offer of proof set by the district court. *See Wagoner*, 713 F.2d at 1376.

## II.

Estabrook's second major attack on his conviction focuses on alleged errors in the discovery process. He contends that the government failed to comply with the pretrial discovery orders, thereby violating his due process rights.

The district court[4] ordered the government to turn over all Jencks Act material to the defendant by the Friday before trial (June 1, 1984). On Monday, June 4, 1984, the day of trial, the government turned over to the defense an FBI 302 informant form, which indicated that an informant T–1, later identified as Lennis Sonne, had told the FBI that the serial numbers on the stolen equipment were false. Estabrook also learned at that time that Lennis Sonne would be called as a witness and would testify that he observed Estabrook tell someone to sign the name Tito Rodriguez to lease forms while in a bar in Juarez, Mexico.

▋ Estabrook argues that the government violated the discovery order by failing to produce pretrial the substance of Sonne's statements, and that the district court therefore erred in admitting Sonne's testimony. The district court explicitly rejected his contention that Judge Jones' pretrial discovery order encompassed oral statements in addition to written statements covered by the Jencks Act. *United States v. Estabrook*, CR 84–40002–1, slip op. at 9–10 (D.S.D. Aug. 17, 1984). There has been no showing that Judge Jones' pretrial orders were an abuse of discretion or were misinterpreted by Judge Nichols. The district court also found that no written statement of Sonne existed. There has

---

4. Pretrial discovery orders were set by the Honorable John B. Jones, Judge of the United States District Court for the District of South Dakota, on April 23, 1984. The case was later transferred to Judge Nichols' court.

been no showing that this finding is clearly erroneous. *United States v. Turner*, 442 F.2d 1146, 1148 (8th Cir.1971).

■ The defendant next contends that there was prosecutorial misconduct requiring reversal in failing to give notice that the government intended to call Sonne as a witness. The defendant relies on *United States v. Baum*, 482 F.2d 1325 (2d Cir. 1973), in which the Second Circuit held that the refusal of the prosecutor to even identify a prospective witness who testified to other crimes evidence deprived the defendant of a fair trial. *See also United States v. Fitterer*, 710 F.2d 1328, 1332 (8th Cir.) (discussing *Baum* ), *cert. denied*, —— U.S. ——, 104 S.Ct. 165, 78 L.Ed.2d 150 (1983). The rule in this circuit, however, is that criminal defendants have no right in noncapital cases to pretrial disclosure of witnesses. *See United States v. White*, 750 F.2d 726, 728 (8th Cir.1984); *United States v. Pelton*, 578 F.2d 701 (8th Cir.), *cert. denied*, 439 U.S. 964, 99 S.Ct. 451, 58 L.Ed.2d 422 (1978). *See also* Fed.R. Crim.P. 16.

### III.

Estabrook's final set of contentions address the district court's denial of his two motions for a new trial on the basis of newly discovered evidence. Estabrook produced affidavits [5] purporting to show that Lennis Sonne's testimony was false. The district court denied the motions for new trial finding the proposed evidence was merely impeaching, and, moreover, would not probably have produced an acquittal.

■ Motions for a new trial on the basis of newly discovered evidence are looked upon with disfavor, *Gustafson*, 728 F.2d at 1084, and the decision of the trial court to grant or deny the motion will not

be set aside absent a clear showing of an abuse of discretion. *United States v. Conzemius*, 611 F.2d 695, 696 (8th Cir.1979).

Estabrook contends that the newly discovered evidence is not impeaching but rebuttal evidence, and that on a new trial, the evidence would probably produce an acquittal.[6] *Gustafson*, 728 F.2d at 1084.

■ Newly discovered evidence which serves only to refute testimony of a government witness is impeaching, as that term is employed in the new trial standard. *United States v. Widgery*, 674 F.2d 710, 713 (8th Cir.), *cert. denied*, 459 U.S. 894, 103 S.Ct. 192, 74 L.Ed.2d 155 (1982); *United States v. Ward*, 544 F.2d 975, 978 (8th Cir.1976). Estabrook's newly discovered evidence serves only to attack the credibility of the government's witness by offering an alternative version of the facts. *United States v. Wright*, 625 F.2d 1017, 1019–20 (1st Cir.1980).

Furthermore, we cannot find that the district court abused its discretion in concluding that the newly discovered evidence would probably not produce an acquittal. There is sufficient evidence in the record to support the district court's conclusion that, even in light of the newly discovered evidence, the appellant still would suffer conviction. The newly discovered information at most creates a conflict in the evidence, not a likelihood of acquittal. *United States v. Scaife*, 749 F.2d 338, 349 (6th Cir.1984).

The judgment of the trial court is affirmed.

---

**5.** The district court found that one of the affidavits offered by the appellant was not newly discovered. The appellant has not appealed this finding, and therefore this information need not be considered.

**6.** The appellant argues the standard for a new trial must be modified because the newly discovered evidence shows that Sonne perjured

himself. *See United States v. Runge*, 593 F.2d 66, 73 (8th Cir.), *cert. denied*, 444 U.S. 859, 100 S.Ct. 123, 62 L.Ed.2d 80 (1979). He has made no showing, as required by *Runge*, that Sonne's testimony was perjured, that any agent of the prosecutorial team knew Sonne's testimony was perjured or should have known such, or allowed perjured testimony to go uncorrected. *Id.*