UNITED STATES of America, Appellee,

v.

**Michael Dean FREEMAN, Appellant.**

UNITED STATES of America, Appellee,

v.

**David Dean PRINE, Appellant.**

**Nos. 90–2949, 90–3015.**

United States Court of Appeals,
Eighth Circuit.

Submitted May 14, 1991.

Decided Aug. 12, 1991.

Rehearing Denied Sept. 25, 1991.

Alfredo Parrish, Des Moines, Iowa, for Freeman.

John Schuster, Des Moines, Iowa, for Prine.

Linda Reade, Asst. U.S. Atty., Des Moines, Iowa, for U.S.

Before LAY, Chief Judge, BRIGHT, Senior Circuit Judge, and BOWMAN, Circuit Judge.

BOWMAN, Circuit Judge.

On December 7, 1988, defendants Michael Dean Freeman and David Dean Prine were convicted by a jury of conspiring to manufacture marijuana in violation of 21 U.S.C. § 846 (1982), manufacturing marijuana in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(D) (1982 & Supp. V 1987), and carrying firearms in relation to a drug trafficking crime in violation of 18 U.S.C. § 2 (1982) & § 924(c)(1) (Supp. V 1987). The District Court[1] granted mistrials with respect to the weapons charges following an improper statement by the prosecutor in her closing argument, but on April 28, 1989, after a second jury trial, both defendants again were convicted on these charges. Upon appeal, we affirmed their convictions and sentences on all counts except as to the sentences imposed for conspiring to manufacture, and manufacturing, marijuana. On those counts, we vacated their sentences and remanded for resentencing consistent with our decision in *United States v. Streeter,* 907 F.2d 781 (8th Cir.1990). *See United States v. Prine,* 909 F.2d 1109, 1110, 1114 (8th Cir.1990), *cert. denied,* —— U.S. ——, ——, 111 S.Ct. 1318 & 2263, 113 L.Ed.2d 251 & 114 L.Ed.2d 715 (1991). Following remand but prior to resentencing, both defendants filed motions for new trials, which the District Court overruled. Defendants now appeal the denial of these motions. We affirm.[2]

Only a brief review of the facts is necessary here.[3] Following defendants' arrests on September 13, 1988, government agents seized twenty-eight marijuana plants that defendants later admitted they had been growing. In addition, the agents found a loaded .38 caliber revolver on defendant

---

**1.** The Honorable William C. Stuart, Senior United States District Judge for the Southern District of Iowa.

**2.** As the judgment, including resentencing, was filed on November 20, 1990, and notice of ap-

peal was filed the next day, we have jurisdiction under 28 U.S.C. § 1291 (1988).

**3.** A complete statement of the facts underlying this case may be found in *Prine,* 909 F.2d at 1110–1112.

Freeman and a loaded .22 caliber firearm in the car that defendant Prine was entering when he was arrested. At trial, although defendants admitted that they had grown the marijuana, they insisted that they had grown it only for their personal use, and they argued that there was no evidence that the two guns were used in connection with drug trafficking. *See id.* at 1110–1111. They also produced expert testimony that the actual amount of marijuana recovered from the plants weighed only about three and one half pounds. On the other hand, the government's witnesses testified, over defendants' objections, to the effect that defendants' marijuana plants weighed sixty pounds when they were seized,[4] that if the plants had reached maturity they would have produced fifty-six pounds of smokeable product worth at least $56,000, and that with that amount of marijuana, 25,000 marijuana cigarettes could be made. In its closing arguments, the government referred to its witnesses' testimony about the potential yield and value of defendants' marijuana plants to support the inference that defendants indeed had been carrying the guns in relation to drug trafficking.[5]

Following the imposition of defendants' original sentences, and during the pendency of their first appeal, we handed down our decision in *United States v. Streeter*, 907 F.2d 781 (8th Cir.1990),[6] in which we held that, when an offense involves fewer than fifty marijuana plants, the "actual weight, rather than the number of plants, should be used for sentencing purposes." *Id.* at 791;[7] *see also Prine*, 909 F.2d at 1114 ("*Streeter* requires that the actual weight of the plants must be used to determine the offense category when less than 50 plants are involved...."). Accordingly, we reversed and remanded defendants' sentences on the manufacturing and conspiracy counts as the District Court, in apply-

ing the Sentencing Guidelines, had used the number of plants rather than the actual weight of the plants to determine defendants' offense categories. *See Prine*, 909 F.2d at 1112, 1114. Following this remand defendants filed their motions for new trials, which were overruled, and were resentenced in accordance with *Streeter*.

■■■ Now, on appeal, defendants argue that the District Court abused its discretion by denying their motions for new trials. In support of their position they argue here, as they did in the District Court, that our decision in *Streeter* constitutes either newly discovered evidence or new law for criminal prosecutions, and that, in either case, its reasoning should apply, not only to their sentences, but to their convictions as well. They argue that, under the reasoning of *Streeter*, when less than fifty marijuana plants are connected with an offense, evidence of how much marijuana was implicated should be inadmissible at trial unless it addresses the actual weight of the marijuana involved. Accordingly, they argue that all the evidence the government introduced at trial that addressed the potential yield and value of defendants' marijuana plants should be rendered inadmissible by *Streeter*. They then reason that the jury would have been less inclined to conclude that the guns were carried in connection with drug trafficking in the absence of evidence of the large potential yield and value of their marijuana plants. They also point out that their defense that the marijuana was only for personal use would have been much more convincing if the only evidence regarding the amount of marijuana involved was the testimony of their expert that the actual weight of the marijuana was three and one half pounds. Thus, they conclude that, regardless of whether *Streeter* is interpreted to constitute newly discovered evidence or new law for criminal prosecutions, the District Court abused its discre-

---

4. The jury was informed that this measurement was made when the plants were wet, and included the roots and stalks.

5. However, at the final sentencing hearing, the government stipulated that the actual weight of defendants' marijuana was only three and one half pounds.

6. *Streeter* was decided on June 29, 1990, nineteen days before our decision in *Prine*.

7. While we addressed a number of other issues in *Streeter*, the one mentioned in the text is the only one relevant to the case now before us.

tion by denying their motions for new trials. We disagree.

We have held that "[t]he grant or denial of a motion for new trial based on newly discovered evidence is within the broad discretion of the trial court, and the trial court's decision will not be reversed absent a clear abuse of discretion." *United States v. Ward,* 544 F.2d 975, 977 (8th Cir.1976). Moreover, it is clear in this circuit that a new trial should be granted on the basis of newly discovered evidence only if certain criteria are met, one of which is that the newly discovered evidence " 'must be of such a nature that, on a new trial, [it] would probably produce an acquittal.' " *Id.* (quoting *United States v. McColgin,* 535 F.2d 471, 476 (8th Cir.), *cert. denied,* 429 U.S. 853, 97 S.Ct. 145, 50 L.Ed.2d 128 (1976)). Here we find that, were these defendants to be retried, our decision in *Streeter* would not "probably produce an acquittal." *Id.* (internal quotations omitted). We therefore reject defendants' argument that our decision in *Streeter* somehow created new evidence, as regards defendants' cases, making it an abuse of discretion for the District Court to deny their motions for new trials.

Our decision in *Streeter* deals with sentencing and clearly has nothing to do with the admissibility of evidence at trial. In *Streeter,* our concern was with determining the effect upon the Sentencing Guidelines of a federal sentencing statute, the policy of which "conflict[ed] with the rationale behind the Guidelines," and we held that the statute must prevail. *Streeter,* 907 F.2d at 790.[8] Such an inquiry is of a vastly different nature, and involves wholly different considerations, than a determination of whether the courts should bar the admission of relevant and otherwise admissible evidence. *Cf.* Fed.R.Evid. 403 ("relevant[ ] evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."). *Streeter* creates no additional exceptions to the fundamental evidentiary principle that "[a]ll relevant evidence is admissible," Fed.R.Evid. 402, nor are any of the considerations underlying our decision in *Streeter* relevant here. Thus, we conclude that our decision in *Streeter* has no bearing on the question of the admissibility of evidence at trial, and consequently, that that decision would play no role in any retrial of these defendants.

Likewise, the Supreme Court has held that where a new rule for criminal prosecutions is judicially created, it "is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final." *Griffith v. Kentucky,* 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987). Here, however, to the extent that *Streeter* created a new rule for criminal prosecutions, it applies only to sentencing, and it was not violated by the denial of the motions for new trials. Indeed, the *Streeter* rule was applied retroactively to defendants' sentences and, as we held above, it does not speak to the issue of what evidence may be admitted at trial on the question of whether a defendant is guilty as charged. Thus, defendants have obtained the full benefit of any new law created by *Streeter.*

For the reasons set forth above, the denial of defendants' motions for new trials is AFFIRMED.