966 F.2d 1444
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Ronnie E. CLAYTON, Defendant-Appellant.
 No. 91-6034.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: October 25, 1991
Decided: June 23, 1992
 
 John W. Stokes, Jr., Norcross, Georgia, for Appellant.
 Thomas J. Ashcraft, United States Attorney, Max O. Cogburn, Jr., Assistant United States Attorney, Asheville, North Carolina, for Appellee.
 Before RUSSELL, WIDENER, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Following a jury trial, Ronnie C. Clayton was convicted of two counts of firearms violations and sentenced to sixty-three months in prison. Clayton filed a motion for a new trial after he learned that his brother-in-law's niece was married to the son of Marvin Moss, the jury foreman at Clayton's trial.[1] The district court denied the motion. Clayton appeals, claiming that the connection between himself and Moss was sufficiently close to justify a new trial. We find no merit to Clayton's contentions; consequently, we affirm the district court's denial of the motion for a new trial.
 
 
 2
 Clayton filed his motion for a new trial on the basis of newly discovered evidence pursuant to Fed. R. Crim. P. 33. Although he does not articulate his concern about his distant connection to Moss, presumably Clayton's position is that Moss is biased against him. The remedy for alleged jury partiality is a hearing to give the defendant an opportunity to prove actual bias. Smith v. Phillips, 455 U.S. 209, 215 (1982). The district court held a hearing in this case and it was established that Clayton's sister was married to a man whose niece was married to Moss's son. The district court found the connection between Moss and Clayton to be too tenuous to justify a new trial. A trial court's grant or denial of a motion for a new trial will stand absent a clear abuse of discretion. United States v. Widgery, 674 F.2d 710, 713 (8th Cir.), cert. denied, 459 U.S. 894 (1982).
 
 
 3
 Under state law, relationship by either blood or marriage may disqualify a juror. See Gray v. Commonwealth, 311 S.E.2d 409 (Va. 1984) (relatives of murder victim disqualified from serving on jury of accused murderer); State v. Allred, 169 S.E.2d 833 (N.C. 1969) (relative of witness disqualified from jury).
 
 
 4
 The fact that a juror is related to a defendant may form a valid basis for challenging that juror for cause.[2] Absent a showing of actual bias, however, such a relationship does not justify a new trial. McDonough Power Equipment, Inc. v. Greenwood, 464 U.S. 548, 556 (1984).
 
 
 5
 Clayton failed to present any evidence that Moss was biased against him. In fact, Moss stated that he did not even realize there was any connection between himself and Clayton until after the trial. Thus, the connection could not have influenced his decision in determining Clayton's guilt and does not justify a new trial.
 
 
 6
 The district court did not abuse its discretion by finding that the connection between Clayton and Moss was too tenuous to justify a new trial. Accordingly, the district court's order denying Clayton's motion for a new trial is affirmed. Clayton's attorney's motion to withdraw as counsel is granted. Clayton's motion for appointment of new counsel is denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Clayton also listed other grounds for a new trial which are not raised in this appeal
 
 
 [2]
 There is a split of authority regarding whether a juror's relationship to a someone involved in the case automatically disqualifies him from serving on a jury. See Allred, 169 S.E.2d 833 (N.C. 1969) (relationship between juror and witness alone does not disqualify juror); Tatum v. State, 56 S.E.2d 518 (Ga. 1949) (even juror who is ignorant about relationship to defendant is disqualified from jury). We submit that the better approach is not to automatically disqualify a juror on the basis of his or her relation to a witness or the defendant if the juror was ignorant of that relationship. In such a case the fact of the relationship could not affect the juror's decision because he or she would be unaware of it