978 F.2d 1264
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Michael Lee KOPP, Appellant.
United States of America, Appellee,
v.
David Allen Kopp, Appellant.
 Nos. 92-1122, 92-1127.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 11, 1992.
Filed: November 5, 1992.
 
 Before MAGILL, Circuit Judge, LAY, Senior Circuit Judge, and BEAM, Circuit Judge.
 PER CURIAM.
 
 
 1
 Michael and David Kopp appeal their convictions for conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846. We affirm.[1]
 
 
 2
 The Kopps were indicted, along with others, on two counts of conspiracy to distribute methamphetamine in the Southern District of Iowa in violation of 21 U.S.C. § 846. The Kopps received a jury trial. At the close of evidence, Michael Kopp moved to dismiss the indictment on the ground of variance. He asserted that the evidence proved multiple conspiracies while the indictment charged only one. David Kopp joined in the motion. The district court denied the motions and denied Michael Kopp's request for an instruction on multiple conspiracies. The jury later returned guilty verdicts. The Kopps later filed motions for new trial on the ground of newly discovered evidence.
 
 
 3
 The district court held an evidentiary hearing on the new trial motions. At trial, a police officer, Officer Connaughy, had testified that he saw David Kopp outside the EZ-8 motel in San Diego on September 6, 1989. This evidence linked both David and Michael Kopp to a conspiracy to distribute drugs in Iowa. The newly discovered evidence was information that allegedly conflicted with the officer's statements and thus impugned the veracity of the officer's entire testimony. David Kopp's fiancee, Nancy Salter, testified at the hearing that she and David Kopp purchased a car together in Ottumwa, Iowa, on September 7, 1989. The seller of the car testified that he sold the car to David Kopp and Salter on either September 6th or 7th, 1989, he could not remember which date. Documentary evidence relating to the date of sale was in conflict. A neighbor, Ruby Spaulding, testified that David Kopp had been at Spaulding's house at times during the first two weeks in September, but could not recall if he had been there between September 6th and 8th, 1989.
 
 
 4
 The district court found that the defendants failed to establish that they could not have discovered the evidence earlier with due diligence. Furthermore, the district court was not persuaded that the newly discovered evidence would probably have produced an acquittal if it had been presented at trial. The district court accordingly denied the motions.
 
 
 5
 For reversal, David and Michael Kopp argue that the district court erred in failing to grant their motion for a new trial when presented with new evidence regarding David Kopp's alleged presence in Iowa during September, 1989. Michael Kopp also asserts that: 1) the district court erred in failing to either direct a verdict on the ground of variance or to instruct the jury on multiple conspiracies; 2) there was insufficient evidence to convict him; and 3) the trial court made several erroneous evidentiary rulings.
 
 
 6
 The determination whether to grant a new trial is committed to the broad discretion of the district court, and the trial court's decision will not be disturbed absent a showing of an abuse of discretion. United States v. Widgery, 674 F.2d 710, 713 (8th Cir.), cert. denied, 459 U.S. 894 (1982). There are five prerequisites which must ordinarily be met to justify a new trial on the ground of newly discovered evidence: 1) the evidence must be in fact newly discovered, that is, discovered since the trial; 2) facts must be alleged from which the court may infer diligence on the part of the movant; 3) the evidence relied on must not be merely cumulative or impeaching; 4) it must be material to the issues involved; and 5) it must be of such nature that, on a new trial, the newly discovered evidence would probably produce an acquittal. United States v. Begnaud, 848 F.2d 111, 113 (8th Cir. 1988). A defendant is not entitled to a new trial where newly discovered evidence would merely impeach a government witness by creating a conflict in the testimony. United States v. Estabrook, 774 F.2d 284, 290 (8th Cir. 1985).
 
 
 7
 The new evidence is inconclusive at best and does not clearly establish that David Kopp was in Ottumwa, Iowa, on September 6, 1989. At any rate, the evidence would be used merely to impeach Officer Connaughy's testimony that he saw David Kopp at the EZ-8 motel in San Diego on that date. Taken with the other evidence linking the Kopps to the conspiracy, we cannot find that the purported new evidence, if presented to the jury, would have probably produced an acquittal. Moreover, we agree that the evidence could have been discovered earlier with due diligence. We find the district court did not abuse its discretion in refusing to grant a new trial for newly discovered evidence.
 
 
 8
 Michael Kopp next argues that although the indictment charged a single conspiracy, the evidence at trial demonstrated two conspiracies: one to distribute drugs in Iowa and one to distribute drugs in California. He contends he was merely a small-time California drug dealer and that, although he may have been connected with the sale of drugs in California, none of his activities involved transportation of methamphetamine from California to Iowa. To the contrary, we find that the evidence demonstrated a single conspiracy. Therefore, the district court properly denied Michael Kopp's motion for a judgment of acquittal and properly refused to give the requested multiple conspiracy instruction.
 
 
 9
 The essence of a conspiracy is an agreement to commit a criminal act. United States v. Roark, 924 F.2d 1426, 1429 (8th Cir. 1991). With respect to multiple conspiracies, the district court must determine whether one overall agreement binds all of the participants or whether distinct groups of individuals are engaged in separate adventures of like character. Id. Multiple groups and the performance of separate crimes or acts do not rule out the possibility that one overall conspiracy exists. Id. This court will reverse a conviction for failure to give a multiple conspiracy instruction only when, viewing the evidence in the light most favorable to the verdict, the court is convinced that the defendant suffered substantial prejudice. Id.
 
 
 10
 The evidence at trial showed extensive and numerous acts by Michael Kopp which connect him to several co-conspirators who testified against him: John Spees, Pete Schollian, Michael Thompson, and Sheran Bratten. Michael Kopp bought one-half pound quantities of methamphetamine from co-conspirator Michael Thompson in California and sought even larger quantities for distribution in Iowa. Joint Appendix, Vol. 1 at 161 (Testimony of Michael Thompson). There was testimony that both Michael Kopp and David Kopp asked Michael Thompson to go with them to Iowa to transport even larger quantities of methamphetamine there. Id. at 166-67. Michael Kopp took another co-conspirator, John Spees, to one of his own main sources, Pete Schollian, from whom Spees purchased methamphetamine for distribution in Iowa. Id. at 238-39 (Testimony of John Spees). Viewing the evidence in the light most favorable to the verdict, we are convinced that a jury could not reasonably infer that Michael Kopp was involved in more than one conspiracy. We agree with the trial court that insufficient evidence existed in the record to support an alternative instruction on multiple conspiracies. There was ample evidence for the trial court to have determined that there was a conspiracy with one criminal objective: the distribution of methamphetamine in Iowa.
 
 
 11
 Michael Kopp also contends that the evidence is insufficient to convict him of the conspiracy. In reviewing a jury verdict, this court must affirm it if there is substantial evidence to support the verdict. United States v. Sykes, No. 92-1396, slip op. at 6 (8th Cir. Oct. 15, 1992). We must examine the evidence in the light most favorable to the government, and give it the benefit of all favorable inferences. Id., slip op. at 6-7. An appellate court can reverse only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt. Id. at 7. This standard is a strict one, and a jury verdict will not be overturned lightly. Id. To be part of a conspiracy, a defendant need only knowingly contribute his efforts in furtherance of the criminal ends of the conspiracy. Id. In this case, viewing the evidence in the light most favorable to the government, there is sufficient evidence to establish that Michael Kopp conspired to distribute methamphetamine.
 
 
 12
 Michael Kopp last contends that the district court erred in denying his motion in limine to limit the testimony of co-conspirators Pete Schollian and Sheran Bratten. We have reviewed the testimony and find it relevant to prove overt acts in furtherance of the conspiracy. Evidence that is probative of the crime charged and not relevant solely to uncharged crimes is not "other crimes" evidence. United States v. McConnell, 903 F.2d 566, 571 (8th Cir. 1990), cert. denied, 111 S. Ct. 1393 (1991). We find no error in the district court's denial of the motion in limine and refusal to give a limiting instruction.
 
 
 13
 For the reasons stated above, we affirm.
 
 
 
 [1]
 Appellant David Kopp has also filed a pro-se "motion for a new trial" on the ground that his court-appointed counsel was ineffective. Counsel for David Kopp failed to appear at oral argument on August 11, 1992. This failure to appear was apparentlydue to a scheduling mix-up. Though we do not lightly view such a lapse, we find that the failure does not influence our resolution of the case. The matter was ably briefed and capably argued by Michael Kopp's counsel. The cases are sufficiently interrelated to enable us to get a full understanding of the case on the briefs and argument presented. In view of these facts, we deny the motion